(No. 19057.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM KLOTZ, Plaintiff in Error.

*Opinion filed February 20, 1929.*

KETTLES & BIDWILL, and SAMUEL G. RAUTBORD, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

William Klotz was indicted for manslaughter in the criminal court of Cook county. A jury trial resulted in a verdict finding him guilty. Judgment was rendered on the verdict, and he prosecutes this writ of error.

From the prosecution's evidence the following facts appear: Burr Buffum, a boy six years of age, was struck by

an automobile while playing with several companions in the south half of West Twenty-third street, a short distance east of Irving avenue, in the city of Chicago. The automobile, running from one side of the street to the other, approached from the east at a speed of about twenty-five miles per hour. The driver did not stop the car after striking the boy but continued westward. Immediately thereafter, at Rockwell street, about three blocks west of Irving avenue, the plaintiff in error, driving his automobile, collided with a Ford sedan standing on the south side of Twenty-third street. Frank Rodak and one Cahill were seated in the sedan, and when it was struck they alighted, went to the car of plaintiff in error, and found him leaning over the steering wheel. They took him from his car, detected the odor of liquor and found that he was intoxicated. About the same time a woman approached in great haste and told them, in the presence of the plaintiff in error, that he had killed a child at Twenty-third street and Irving avenue. Rodak and Cahill took the plaintiff in error and the woman back to the scene of the first accident. In the meantime police officers had arrived and the injured boy had been placed on a stretcher. One of the officers asked him how he was injured, and he answered by an automobile. The boy died at the county hospital on the next day. The plaintiff in error was taken to a police station in his automobile. The police officer who accompanied him testified that he was not able to stand, walk straight or enter the automobile without assistance; that he did not speak intelligently, nor did he know that in driving his car he had injured a boy, and that he appeared to be under the influence of liquor. Another police officer who searched the automobile of the plaintiff in error found a quart of liquor in a bottle on the front seat. The plaintiff in error admitted that he had placed the bottle there. The officer discovered some hair on a grease cup of the automobile but did not know whether it was the hair of a human being. According to the testimony of two wit-

nesses Twenty-third street was paved with brick and was in fairly good condition.

The plaintiff in error testified in his own behalf as follows: He was employed as a chauffeur. On the afternoon of the day in question he worked on his automobile, went to an automobile repair shop to have certain adjustments made on his car, bought a bottle of liquor for his wife's use when she was ill, drank two small glasses of whisky and a bottle of beer, and then drove to his sister's home, near Twenty-third and Leavitt streets. He took the latter's children, his nephews, for a short ride and returned to their home, where he stayed a few minutes. Later he drove west on Twenty-third street, crossing Irving avenue, but his car did not strike any person. The pavement on Twenty-third street near Rockwell street was in poor condition, and to avoid holes at that point he drove on the south side of the street at a rate of speed not exceeding fifteen miles per hour. At Rockwell street his automobile scraped the fender and running-board of another car standing at the curb. As he alighted to see whether any damage had been done, two men from the other automobile confronted him. One struck him on the head, and both treated him so roughly that he lost consciousness and remained in that condition until he found himself in a cell at a police station. He disclaimed all knowledge of such an accident and denied that he was intoxicated on the day it was asserted the accident occurred.

A sister, brother-in-law and nephew of the plaintiff in error corroborated his testimony concerning his visit to their home. The sister testified that he called about five or six o'clock and that he was sober at the time. Her husband saw him leave about 5:30 P. M. The nephew, who was fourteen years of age and who was one of the children the plaintiff in error took for a ride in the afternoon, testified that his uncle was not then intoxicated.

The errors assigned and relied upon for a reversal of the judgment are: First, that incompetent evidence offered by the prosecution was admitted; second, that improper questions were permitted to be asked the plaintiff in error on cross-examination; third, that proper instructions requested by the plaintiff in error were refused; and fourth, that the evidence is insufficient to support a judgment of conviction.

The evidence which it is charged was erroneously admitted was the testimony of Rodak that a woman approached Cahill and himself in great haste immediately after the plaintiff in error had collided with their car, and told them, in the presence of the plaintiff in error, that he had killed a child at West Twenty-third street and Irving avenue. The statement so admitted was made by a third person at a place other than the scene of the accident and after it occurred, and necessarily was not a part of the transaction. The person who made the statement was not called as a witness and the plaintiff in error was not afforded an opportunity to cross-examine her. Nor was the statement offered for the purpose of showing that the plaintiff in error by his silence impliedly admitted the truth of the accusation against him, for the question was not asked whether he replied to the charge. The statement was inadmissible, and, in the absence of competent testimony that the plaintiff in error drove the automobile which struck the child, was necessarily highly prejudicial to the plaintiff in error.

On the cross-examination of the plaintiff in error it was shown that portions of his testimony with respect to the hour in the afternoon he bought the bottle of liquor for his wife, the length of his stay at the place he made the purchase and the quantity of whiskey he drank there, were in conflict with statements he had made in writing at the police station on the day following the accident. He was asked on which of the two occasions he told the truth, and he answered: when he testified on the trial. The questions

which it is urged were prejudicial are: "Why didn't you tell the truth then?" "What were you hiding?" and "Why didn't you tell the truth at the police station?" The plaintiff in error sought to explain his inconsistencies by stating that he answered questions at the police station in conformity with the police officer's suggestions. The officer testified in rebuttal that ample opportunity was afforded the plaintiff in error to consider his answers and that he freely and voluntarily answered the questions propounded to him. Great latitude must sometimes be allowed in the cross-examination of a witness for the purpose of testing his accuracy, recollection, sincerity and the like, and the contention that the particular questions were erroneous and prejudicial is without merit.

Three instructions requested by the plaintiff in error were refused by the court. The first was drawn upon the theory that the prosecution relied solely upon circumstantial evidence to obtain a conviction. There was direct or testimonial, as well as circumstantial, evidence tending to support the charge of the indictment, and the instruction was therefore properly refused.

The second and third refused instructions defined gross and wanton negligence and reasonable doubt. The definitions and rules of law set forth in these instructions were embodied in other given instructions. Repetition was unnecessary, and the court did not err in refusing to give them.

The erroneous admission of the prejudicial hearsay testimony of Rodak, to which reference has been made, necessitates a reversal of the instant judgment. The final contention, that the evidence is not sufficient to support a judgment of conviction, need not for that reason be considered on this review.

The judgment of the criminal court of Cook county is reversed and the cause is remanded to that court for a new trial. *Reversed and remanded.*