Anka Miyatovich, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellant.

Gen. No. 53,591.

First District, Second Division.

June 24, 1969.

George J. Schaller, O. R. Hamlink and Paul Denvir, of Chicago, for appellant.

Hickey, Gustafson & Peterson, of Chicago (Eduard Wolfe, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for personal injuries allegedly sustained by plaintiff as a result of a collision between the automobile in which she was riding as a passenger and a bus owned by the defendant. The jury returned a verdict in favor of plaintiff in the amount of $8,000 and judgment was entered thereon. Defendant

prosecutes this appeal, contending that the trial court erred in the admission of hearsay evidence and in the giving and refusing of certain instructions, and that plaintiff's counsel was permitted to make improper comments during his opening statement to the jury.

The mishap occurred at the intersection of 95th Street and Jeffery Boulevard in Chicago. Traffic at the intersection is controlled by traffic control lights. The automobile in which plaintiff was riding was owned and being operated by her husband, Papando Miyatovich, and was proceeding westerly on 95th Street approaching the intersection. The defendant's bus, operated by John Jordan, was proceeding in a northerly direction along Jeffery Boulevard approaching the intersection.

Plaintiff and her husband testified that, as their vehicle approached the intersection, the light controlling traffic on westbound 95th Street was red and their vehicle was brought to a stop at the intersection. When the light changed to green, the Miyatovich vehicle proceeded into the intersection and was struck in the front portion of the left side by the bus.

The bus driver, John Jordan, testified that he stopped the bus at the intersection for a red light controlling the northbound Jeffery Boulevard traffic and allowed a passenger to board the bus. The light thereafter turned green, the bus proceeded into the intersection, and the collision occurred.

Chicago Police Officer James Conway testified that he investigated the accident and further testified, over objection of the defendant, that he took a statement from a woman named Dorothy Cummings who allegedly witnessed the accident. The officer was permitted to testify over objection that he was told by Dorothy Cummings that she had been traveling in her automobile along 95th Street and had stopped for the red light at the intersection behind the Miyatovich vehicle. The officer was also permitted to testify that Dorothy Cummings

stated that after the light turned green, the Miyatovich vehicle proceeded into the intersection and was struck by the bus. The officer stated that the Cummings statement was made in the presence of the bus driver and, when asked what the driver said in response to the statement, the officer replied, "Off hand (sic), I cannot remember what the driver said." When the bus driver was asked by defense counsel if he attempted to deny the Cummings statement at the time it was allegedly given to Officer Conway, an objection to the question was sustained by the trial court.

Dorothy Cummings did not testify at trial. A private investigator and a skip tracer were called by plaintiff and testified that they attempted to locate Dorothy Cummings for trial but to no avail. They stated that she had left no forwarding address, and also that she and her husband went under a number of names.

Marshall Millman, called by the defendant, testified that he was a passenger on the bus and that at the time of the collision he had been reading a book. He testified that he looked up from the book after the accident and observed that the traffic light for the northbound and southbound Jeffery Boulevard traffic was green. The Reverend Lewis King testified that he had been driving south on Jeffery approaching 95th Street, had stopped his vehicle at the intersection and was waiting to execute a left-hand turn onto eastbound 95th Street when the collision between the Miyatovich vehicle and the bus occurred. The witness stated that the traffic lights for the northbound and southbound Jeffery traffic were green at the time of the mishap.

 Defendant first maintains that the trial court was in error in admitting into evidence the testimony of Officer Conway as to what Dorothy Cummings allegedly told him at the scene of the accident. We are in agreement that the testimony was hearsay and inadmissible

as evidence. (See McCormick on Evidence, § 225.) Dorothy Cummings was not called as a witness in the proceedings and consequently defendant had no opportunity to cross-examine her. Plaintiff claimed that defendant was liable because its bus driver went through a red light; defendant, on the other hand, contended that liability rested with the driver of the Miyatovich vehicle inasmuch as he went through a red light. The evidence on the issue of liability was close and under the circumstances, it was error to have allowed the officer's testimony in this regard.

▉ Plaintiff's assertion that the officer's testimony was admissible under the "admission by silence" exception to the hearsay rule is unavailing. Plaintiff argues that the silence on the part of the bus driver, in the face of Cummings' alleged statement to the officer in the driver's presence that the driver went through a red light, constituted an admission by silence. However, the only direct evidence of the bus driver's reaction to the Cummings statement was the officer's testimony that he could not recall what the driver said in response to the Cummings statement. Plaintiff desires to take advantage of the exception to the hearsay rule, yet failed to present evidence of the driver's silence and did not make out a case for the application of the exception to the hearsay rule. (See 31A CJS, Evidence, § 294, p 754; § 296, p 760.)

Plaintiff suggests that defense counsel "tacitly admitted" that the bus driver remained silent when the trial court and defense counsel were engaged in a discussion in chambers concerning the admissibility of the officer's testimony regarding the Cummings' statement. This assertion finds no support in the record. Defense counsel was arguing the general circumstances under which a bus driver might be required to remain silent or to deny such a statement and interrupt a police officer's

investigation, as well as what defense counsel personally would do under similar circumstances, but at no time did he admit the silence of the bus driver, John Jordan.

■ ■ During the opening statement to the jury, plaintiff's counsel stated that the bus driver appeared in traffic court and pleaded guilty to a traffic citation issued to him as a result of the accident in question. Defendant contends that the trial court should have sustained its objection to this statement inasmuch as the traffic violation against the bus driver was dismissed for want of prosecution. While we are in agreement with plaintiff's position that a plea of guilty to a traffic violation is admissible as an admission against interest, (Brichacek v. Hampton, 54 Ill App2d 284, 297, 203 NE 2d 737) the remark made by plaintiff's counsel in this regard was improper because the action against the bus driver had been dismissed for want of prosecution and he did not in fact plead guilty to the traffic charge. Plaintiff's offer of proof, ultimately refused by the trial court, that the bus driver would have pleaded guilty to the charge had not the Miyatoviches agreed not to prosecute the traffic violation does not alter the fact that counsel made a misstatement of fact to the jury. It should also be noted that since the driver did not plead guilty to the traffic charge, plaintiff should not have been permitted to introduce evidence with regard to the driver's arrest for the traffic violation, since evidence of an arrest is inadmissible. See Allen v. Yancy, 57 Ill App2d 50, 59, 206 NE2d 452. All evidence relating to the traffic court appearance similarly should not have been allowed.

■ Defendant finally contends that the trial court erred in giving Plaintiff's Instruction #5, and in refusing Defendant's Instruction #9. Plaintiff's Instruction #5, which is IPI 12.04, reads as follows:

"More than one person may be to blame for causing injury. If you believe that the defendant was negli-

gent and that his negligence caused injuries to the plaintiff, it is not a defense that some third person may also have been to blame."

Defendant's Instruction #9, which is IPI 12.04 [Revised], reads as follows:

"More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

"[However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant.]"

The Supreme Court Committee on jury instructions, through IPI 12.04 [Revised], created a completely new instruction on "Concurrent Negligence Other Than Defendant's," which supersedes IPI 12.04. Two significant changes were made. First, the language in the first paragraph of the instruction was corrected to make clear to the jury that only when the jury finds that the defendant's negligence was a *proximate* cause of the plaintiff's injury may it disregard the defense that some third person, who is not a party to the action, may have also been to blame. Without the benefit of accurate wording to this effect, the jury might cease its inquiry after finding a defendant's negligence to have been simply a cause of the injury, without considering whether it was a proximate cause thereof. (See generally Schmidt v. Anderson, 301 Ill App 28, 21 NE2d 825.)

Secondly, in order to correct any negative implications arising from the first paragraph of the instruction and to insure that the jury is properly instructed in cases

where the negligence of some third person (such as plaintiff's husband here) is presented as a defense, the second paragraph was added to emphasize that the jury must find for the defendant where they find that the conduct of that third person was the sole proximate cause of the injury.

Supreme Court Rule 239(a) provides that an IPI instruction shall be employed where it is applicable to a case and where, after considering the facts and the prevailing law, the court determines that the jury should be instructed on the subject. IPI 12.04 [Revised] accurately states the law and is applicable to the facts in the case at bar: a defense raised by the defendant herein was that plaintiff's husband, a third person not a party to the suit and who was not acting as agent for plaintiff, was the sole proximate cause of the accident for the reason that he went through the red light. Defendant's Instruction #9 should have been given to the jury, and Plaintiff's Instruction #5 should have been refused.

For these reasons the judgment is reversed and the cause is remanded for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded.

LYONS, P. J. and McCORMICK, J., concur.