RUTH E. STORM, Admr. of the Estate of Robert R. Storm, Deceased, Plaintiff-Appellant, *v.* JESSE L. BROWN *et al.*, d/b/a Roeder Grain Co., Defendants-Appellees.

(No. 73-62; )

Third District—October 26, 1973.

Harold L. Jensen, of Champaign, and Ivan Looker, of Watseka, for appellant.

Robert D. McKnelly, of Watseka, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by plaintiff, Ruth E. Storm, administrator of the estate of Robert R. Storm, deceased, from a judgment of the circuit court of Iroquois County entered on a jury verdict in favor of defendants and

against plaintiff in an action for the alleged wrongful death of plaintiff's decedent which came about as a result of a vehicular collision.

On the morning of September 29, 1970, the decedent was a passenger in a pick-up truck owned and driven by his employer, one Reid Storm. The two were en route to a job site, and apparently decedent was within the scope of his employment with Reid Storm. The Storm vehicle was being driven in a southerly direction along a country road near Crescent City, Illinois, toward the road's unmarked intersection with an east-west country road along which a tractor-trailer truck owned by defendants Harvey Roeder and Delford Roeder was being driven in an easterly direction, approaching the intersection, by defendant Jesse L. Brown. At the time of the accident, the intersection in question was a "blind" one, both drivers' views on both roads being significantly obstructed by mature growing corn. The collision of the two vehicles occurred in the middle of the intersection when the pickup truck operated by Reid Storm struck the side of the Roeder tractor-trailer just behind the cab thereof and near the fuel tank and drive axle. Plaintiff's decedent was killed instantly.

Reid Storm could not remember the circumstances of the accident, although evidence established that he was familiar with the intersection in question prior to this occurrence. Defendant Jesse L. Brown testified that as he approached the intersection, he was traveling under 60 m.p.h., and that when he was some 300-400 feet therefrom he decreased his speed further so that he was traveling 30-40 m.p.h. as his vehicle entered the intersection. He did not see the Storm vehicle until he was about five or ten feet from the intersection, and then only after he heard the squeal of tires on the road. Other evidence established that the Storm vehicle left 36 feet of skid marks measured to the center of the intersection and that defendants' truck left 24 feet of skid marks. There were no other eyewitnesses to the accident. Therefore, on the question of decedent's due care, his widow testified as to his careful habits.

■■ Plaintiff's initial argument is that the trial court erred in refusing to withdraw the question of decedent's due care from the consideration of the jury. She maintains that the only evidence on the matter was her testimony as to decedent's careful habits, and concludes from that circumstance that such element of her case was accordingly approved as a matter of law or at least by the overwhelming weight of the evidence as contemplated by the rule stated in *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. While we agree with plaintiff that the only evidence as to decedent's due care was that relating to his careful habits, and that defendants introduced no testimony to controvert that testimony, we do not concur with plaintiff's conclusion that the matter should thus

have been withdrawn from the jury. It is settled beyond question in this State that in a wrongful death action, the burden is on a plaintiff to prove due care on the part of his decedent, and it is not incumbent upon the defense to prove the decedent's contributory negligence. (*Siebens v. Konicek*, 108 Ill.App.2d 300, 247 N.E.2d 53 (1969); *McInturff v. Chicago Title & Trust Co.*, 102 Ill.App.2d 39, 243 N.E.2d 657 (1968)). While proof of a decedent's careful habits may be introduced, in the absence of the existence of eyewitnesses to the accident other than the defendant, to meet this burden, it does not follow that such evidence, even when wholly uncontroverted, establishes due care as a matter of law. No witness need be believed by a jury, and in any event "careful habit" evidence merely *tends* to prove a decedent's due care. When properly admissible, it is sufficient in our judgment only to permit the plaintiff to take that element of the case to the jury, who, in the absence of other believable evidence to the contrary, *may* then infer that the decedent was indeed in the exercise of due care with respect to the particular matter at issue. (See I.P.I. 2d 10.08, and comments thereto.) We believe that the trial court acted properly in refusing to withdraw the issue of plaintiff's decedent's due care from the jury.

Plaintiff next contends that the circuit court erred in refusing her instruction No. 9 and in giving defendant's instruction No. 8. Such instructions were both taken from I.P.I. 2d 12.04, which reads *in toto* as follows:

"More than one person may be to blame for causing an injury. If you decide that the defendants were negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendants, then your verdict should be for the defendants."

Plaintiff's instruction No. 9 deleted the second paragraph of the quoted instruction, whereas defendants' instruction No. 8 included such paragraph. It is plaintiff's position that the evidence in this case in no way tends to establish a sole proximate cause, and that under any view thereof the conduct of Reid Storm and defendant Brown could be more than concurring proximate causes of the incident. Such being the case, argues plaintiff, the paragraph relating to sole proximate cause contained in defendants' instruction No. 8 was improper and its submission to the jury constituted reversible error. We do not agree with the argument. It was clearly the theory of defendants that the sole proximate cause of this accident was the negligent conduct of Reid Storm and not any negligent

conduct of defendant Brown. As we read the record, there is ample evidence to allow a jury to find that defendant's vehicle either entered the unmarked intersection before the Storm vehicle or at approximately the same time. If such were the case, it may have been incumbent upon Reid Storm to yield the right-of-way to defendants' vehicle, which was to his right. Ill. Rev. Stat. 1969, chap. 95½, par. 11—901; see further I.P.I. 2d 70.02, and comments thereunder.

■■ In our judgment, the instant case presents precisely one of the situations envisaged by the drafters of I.P.I. 2d 12.04 as calling for the use of the second paragraph of that pattern instruction. The first paragraph thereof advises the jury that if they find a defendant negligent and that such negligence was a proximate cause of the plaintiff's loss, that another's negligence may have also been a proximate cause is not material so far as the liability of the defendants is concerned. The second paragraph, however, advises the jury that the defendants cannot be held liable, even though negligent, if the conduct of a third party is the sole proximate cause of the loss. In the present case the jury might well have found that defendants were not negligent, or that even if they were, their negligence was not a proximate cause of the loss and that the sole proximate cause of the loss was, rather, the negligent conduct of Reid Storm. In that regard, this case bears a strong resemblance to the circumstances presented in *Miyatovich v. Chicago Transit Authority*, 112 Ill. App.2d 437, 251 N.E.2d 345 (1969), where an intersection collision occurred as a proximate result of either negligence of the defendant, negligence of plaintiff's host, or, perhaps, the concurrent negligence of both. In *Miyatovich*, the court held that the trial court had committed reversible error in refusing to instruct the jury on sole proximate cause. By a parity of reasoning, we believe that the trial court acted correctly here in duly instructing the jury on that subject. To paraphrase *Miyatovich* (251 N.E.2d at page 348), Supreme Court Rule 239 (a) provides that an I.P.I. instruction shall be employed where applicable. I.P.I. 2d 12.04 accurately states the law and is applicable to the facts in the case at bar. A defense raised by the defendants was that the negligent conduct of Reid Storm, a third person not a party to the suit, was the sole proximate cause of plaintiff's decedent's death, for the reason that he (Reid Storm) failed to yield the right-of-way to defendants' vehicle under circumstances where he was obligated so to do. Defendant's instruction No. 8 was thus properly given to the jury, and plaintiff's instruction No. 9 was correctly refused. See also *French v. City of Springfield*, 5 Ill.App.3d 368, 283 N.E.2d 18 (1972); *Downs v. Camp*, 113 Ill.App.2d 221, 252 N.E.2d 46 (1969).

■■ Plaintiff's final contention involves the admission into evidence

of two photographs of the damaged vehicles. Plaintiff asserts than these photographs, when considered with questions propounded by defendants' counsel to the investigating police officer relating to the severity of the collision, were improperly received in evidence on the question of the speed of the Storm vehicle prior to and at the time of impact. We note in this connection that plaintiff's objections to the questions propounded to the police officer seeking to elicit his opinion concerning the severity of the impact were sustained by the court, and it is absolutely clear that the photographs were properly admissible to establish that the front of the Storm vehicle hit the side of defendants' truck. Thus, whatever be the merit (or lack thereof) of plaintiff's contention that the photographs were not admissible to establish the severity of the impact (and thus the speed of the Storm vehicle prior thereto) does not control, for if evidence is admissible for any purpose it must ordinarily be received. If its admission for another purpose would be improper, it is incumbent upon the party against whom it is admitted to request an appropriate limiting instruction to the jury. (*Brodie v. City of Lewistown*, 164 Ill.App. 335 (1911).) Plaintiff, having requested no such instruction, most assuredly cannot be heard to complain about the propriety of this evidence at this point in the litigation.

Since we find no reversible error in the proceedings below, the judgment of the circuit court of Iroquois County must be, and accordingly is, affirmed.

Judgment affirmed.

STOUDER and DIXON, JJ., concur.