**John B. KING, Jr., etc., et al.**

v.

**HARRIS–JOYNER CO., et al.**

Civ. A. No. 74–0292–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 31, 1974.

Joseph A. Gawrys, Norfolk, Va., for plaintiffs.

Henry H. McVey, III, John E. McDonald, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs' decedent was killed when his pleasure craft exploded on the waters of Lake Gaston, a navigable body of water. Jurisdiction over this cause of action is alleged to be based upon the exclusive admiralty jurisdiction of the United States Courts.

A motion was filed seeking dismissal of the complaint for lack of admiralty jurisdiction and on 3 October 1974 the Court entered an order denying the motion and retaining jurisdiction.

Subsequent to the entry of that order, the attention of the Court was directed to Crosson v. Vance, 484 F.2d 840 (4th Cir. 1973). In that case, the Court of Appeals interpreted Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) as disapproving admiralty jurisdiction in towboat-water skier cases. Crosson, supra, 484 F.2d at 842. Crosson being a towboat-water skier case the Court of Appeals in obedience to the disapproval expressed in Executive Jet Aviation, Inc., supra, held no admiralty jurisdiction existed.

The Court of Appeals was careful not to "speculate whether the Supreme Court's opinion in Executive Jet Aviation would foreclose resort to admiralty jurisdiction in any case involving the operation of small pleasure craft . . ." Crosson, supra, 484 F.2d at 842. Nevertheless, the Court of Appeals cited with approval Stoltz, Pleasure Boating and Admiralty: Erie at Sea, 51 Cal.L.Rev. 661, as containing an "impressive argument for reaching that result."

The Stoltz article is indeed impressive and the Court of Appeals has shown no indication that it intends to limit the rationale of Crosson to the narrow facts of that case. See Onley v. South Carolina Electric & Gas Company, 488 F.2d 758 (4th Cir. 1973).

In view of the reading which the Fourth Circuit gives to Executive Jet Aviation as set forth in Crosson and Onley, this Court is bound to vacate its order of 3 October 1974 and dismiss the action for lack of admiralty jurisdiction.

An appropriate order shall enter.