Stephen H. GILMORE, Administrator
of the Estate of Virgil Edward Lash,
Deceased, Plaintiff,

v.

Wolfgang B. WITSCHOREK,
Defendant.

Civ. No. 753168.

United States District Court,
E. D. Illinois.

April 7, 1976.

492

David H. Adamson III, of Callis, Schooley, Filcoff & Hartman, Granite City, Ill., for plaintiff.

James B. Wham, Centralia, Ill., for defendant.

## ORDER

FOREMAN, Judge:

Before the Court are plaintiff's Motion for Leave to Amend Complaint and defendant's Motion to Dismiss.

■ Plaintiff seeks leave to amend his original complaint by adding a second count. However, leave to amend is not required since the defendant has not yet filed an answer to the complaint, but has filed only a Motion to Dismiss. Until an answer has been filed a plaintiff can amend his complaint once as a matter of right. *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961). Nevertheless, to clarify the pleadings plaintiff's Motion for Leave to Amend will be GRANTED.

Defendant has filed a Motion to Dismiss the original complaint. However, in his Reply he also states that this Motion is also directed to the Amended Complaint. Accordingly, defendant's Motion to Dismiss will be considered as to both counts of the complaint.

■ Defendant first moves to dismiss Count I on the ground that admiralty jurisdiction does not include actions based on collisions between pleasure craft. The present parameters of admiralty jurisdiction are set forth in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), which modified the historic "locality" rule of admiralty jurisdiction by adding the requirement that some connection "with traditional maritime activity" must be shown. This additional element imposed by *Executive Jet* has left the courts divided on the issue of whether small pleasure craft are engaged in traditional maritime activity and are thus within federal admiralty jurisdiction. Those cases holding or implying that admiralty jurisdiction does not extend so far have not involved collisions between pleasure vessels. For example, in *Crosson v. Vance*, 484 F.2d 840 (4th Cir. 1973), the Court denied admiralty jurisdiction where a water skier was injured while being towed by a small motor-boat. While the Court of Appeals

did not "speculate whether the Supreme Court's opinion in *Executive Jet Aviation* would foreclose resort to admiralty in any case involving the operation of small pleasure craft," it nevertheless cited with approval Stolz, Pleasure Boating and Admiralty: Erie at Sea, 51 Cal.L. Rev. 661, as containing "impressive arguments for reaching that result." The Court in *King v. Harris-Joyner Co.*, 384 F.Supp. 1231 (E.D.Va.1974) accepted the interpretation provided in *Crosson v. Vance, supra*, when it ruled that admiralty jurisdiction did not exist where plaintiff's decedent was killed when his small pleasure boat exploded on a navigable body of water.

Other courts have held that *Executive Jet Aviation* did not preclude from admiralty jurisdiction those cases involving pleasure boats. For example, in *St. Hilaire Moye v. Henderson*, 496 F.2d 973 (8th Cir. 1974), cert. denied 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125, admiralty jurisdiction was upheld where the occupant of a pleasure craft was injured through its improper operation on the Arkansas River. In reaching its conclusion the Court looked to *Executive Jet Aviation* when it stated: "The use of a waterborne vessel on navigable waters presents a case falling appropriately within the historical scope and design of the law of admiralty." Through an analysis of statutory references (1 U.S.C. § 3 and 46 U.S.C. § 713) the Court concluded that the term "vessel" in admiralty law is not limited to ships engaged in commerce; rather, pleasure boats are encompassed in the definition. The court thus rejected more restrictive interpretations of *Executive Jet Aviation* when it held:

> We affirm Judge Henley's holding that the operation of a boat on navigable waters, no matter what its size or activity, is a traditional maritime activity to which the admiralty jurisdiction of the federal courts may extend.

See also *Szyka v. United States Secretary of Defense*, 525 F.2d 62, 64 (2nd Cir. 1975).

A well-reasoned opinion construing the standard of "traditional maritime activity" is found in *Kelly v. Smith*, 485 F.2d 520 (5th Cir. 1973), cert. denied, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974). There the court upheld admiralty jurisdiction where plaintiffs were shot at while fleeing in a small boat from a hunting area in which they had been poaching. The Fifth Circuit noted as significant the fact that the injuries were sustained on navigable waters in a boat, but indicated other factors must be considered to determine if a substantial maritime relationship existed. The factors included "the functions and roles of the parties; the types of vehicles and instrumentalities involved; the causation and type of injury; and traditional concepts of the role of admiralty law." 485 F.2d at 525.

This Court deems the above statement as the appropriate test for whether the facts satisfy the present requirement of "traditional maritime activity". In the instant case the parties were actively engaged in the navigation of vessels. The vehicles involved were boats, not airplanes or automobiles, whose function was transportation across navigable waters. The injuries sustained allegedly resulted from disregard for rules of proper navigation. Finally, upholding admiralty jurisdiction in this case "does not stretch or distort long evolved principles of maritime law," (*Kelly v. Smith*, 485 F.2d at 526) for admiralty has traditionally taken cognizance of and furnished remedies for those injured while travelling navigable waters.

The facts in the case at bar are similar to those presented in *Kayfetz v. Walker*, 404 F.Supp. 75 (D.Conn.1975), where a collision occurred between two yachts engaged in a sailing race. In denying defendant's motion to dismiss for want of admiralty jurisdiction, the court applied the test of *Kelly v. Smith, supra*, and concluded that the requirement of "traditional maritime activity" had been satisfied. In reference to the jurisdic-

tional issue, the court made the following comment:

> That the parties were involved in a sporting event at the time of the collision is immaterial, and, in any event, is outweighed by those factors that argue for admiralty jurisdiction. Indeed, this case demonstrates the futility of trying to create a dichotomy between recreational activity and commercial activity.

Based on this authority and the application of the facts in the instant case to the test enunciated in *Kelly v. Smith, supra,* this Court is satisfied that the requirement of "traditional maritime activity" has been met. Accordingly, defendant's Motion to Dismiss on the ground that admiralty does not encompass a collision between two pleasure boats on a navigable waterway is hereby DENIED.

■ Defendant also argues that admiralty jurisdiction cannot attach in this case since the body of water upon which the accident occurred is non-navigable. There has been no evidence produced on this question, only the allegations of the parties in their respective trial memoranda. Thus, for purposes of this motion, plaintiff's uncontroverted factual allegations of navigability must be accepted as true. *A. T. Brod & Co. v. Perlow,* 385 F.2d 393 (2nd Cir. 1967). However, this Court directs the parties to prepare evidence of navigability or non-navigability for a mutually convenient hearing in the near future.

■ Defendant also moves to dismiss on the ground that plaintiff has failed, in each Count, to allege freedom from contributory negligence. In discussing the merits of this contention, it is perhaps best to point out that both parties have briefed and argued this issue as though an action for wrongful death in admiralty must of necessity depend on adjacent state law. However, this long standing doctrine was expressly overruled in *Moragne v. State Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The United States Supreme Court thus created a general maritime claim for wrongful death clearly applicable to a situation such as this, where the accident allegedly occurred on state navigable waters. The existence of this new right avoids the application of state wrongful death statutes and brings the claim within the ambit of the general maritime law where suits are governed by federal substantive and procedural law. *Kermarec v. Compagnie Generale,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *St. Hilaire Moye v. Henderson,* 496 F.2d 973 (8th Cir. 1974), cert. denied 419 U.S. 884, 95 S. Ct. 151, 42 L.Ed.2d 125. "The admiralty rule is that the defense of contributory negligence must be affirmatively pleaded and proved by defendant." *W. E. Hedger Transp. Corp. v. United Fruit Co.,* 198 F.2d 376, 379 (2nd Cir. 1952) cert. denied 344 U.S. 896, 73 S.Ct. 275, 97 L.Ed. 692 (1952). (See also *Greene v. Vantage Steamship Corp.,* 466 F.2d 159 (4th Cir. 1972) where this rule was applied in a wrongful death action based on the general maritime law.) Under this clearly applicable standard defendant's contention as to the pleading deficiencies in Count I of the Amended Complaint is without merit.

■ Defendant has also moved to dismiss Count II, which is based on diversity of citizenship, on the ground that freedom from contributory negligence was not alleged. Since the exclusive admiralty jurisdiction sought to be invoked through Count I is dependent on the navigability of the waterway in question which will be determined at a later date, this issue will be discussed in the event jurisdiction is ultimately based on diversity of citizenship. In an action based on diversity of citizenship it is clear that state law determines the substantive issue of who has the burden of proof on a given point. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943). Under this standard plaintiff must prove freedom from fault as part of his prima facie case, for such is the requirement for proceedings in the state courts of

Illinois. *Storm v. Brown*, 15 Ill.App.3d 29, 303 N.E.2d 42 (1973). But the question remains as to whether plaintiff must likewise plead freedom from contributory negligence or whether Rule 8(c) of the Federal Rules of Civil Procedure places this pleading burden on the defendant. In *Francis v. Humphrey*, 25 F.Supp. 1 (E.D.Ill.1938), the court confronted pleading requirements as to contributory negligence in the wake of *Erie*. In refusing plaintiff's argument that Rule 8(c) governed the pleadings, the court dismissed the complaint for failure to allege freedom from contributory negligence:

My conclusion is that the absence of contributory negligence is made an essential part of plaintiff's cause of action by the substantive law of Illinois and this substantive rule, declared by the courts of Illinois, must be recognized and followed by the federal courts. Being substantive law neither the Congress nor the Supreme Court has the power to declare it to be other than the courts of Illinois have established it nor to undermine or destroy it by procedural requirements. At page 5.

It must be remembered that the above authority preceded *Palmer v. Hoffman, supra*, and was based on the assumption that the burden of pleading was inextricably intertwined with the burden of proof so that the party having the burden of pleading a certain matter likewise had the ultimate burden of proving it. The United States Supreme Court clarified this matter in *Palmer v. Hoffman, supra*, when it stated at 318 U.S. 117, 63 S.Ct. at 482, 87 L.Ed. at 651:

Respondent contends, in the first place, that the charge was correct because of the fact that Rule 8(c) of the Rules of Civil Procedure makes contributory negligence an affirmative defense. We do not agree. Rule 8(c) covers only the manner of pleading. The question of the burden of establishing contributory negligence is a question of local law which federal courts in diversity of citizenship cases (*Erie R. Co. v. Tompkins*, 304 U.S. 64, [58 S.Ct. 817, 82 L.Ed. 1188]) must apply.

█ If this statement failed to make it clear that Rule 8(c) governs matters of pleading in diversity cases regardless of state pleading rules, the decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) removed all doubt. There it was held that where a conflict exists between a federal rule and a local law and it is clear that the federal rule was intended to govern the matter in question, the federal rule should be applied unless it is shown that the rule is invalid as transgressing the terms of the Enabling Act or constitutional restrictions.

█ Based on these authorities it would seem that where state pleading requirements make it incumbent on the plaintiff to plead freedom from contributory negligence, the obvious conflict with Rule 8(c) must be resolved by applying the federal standard which forces defendant to raise the matter as an affirmative defense in his pleadings. However, under the *Erie* doctrine the ultimate burden of proof on the question is a substantive matter governed by state law which the plaintiff must satisfy in a state such as Illinois. This analysis is consonant with *Klondike Helicopters, Ltd. v. Fairchild Hiller Corp.*, 334 F.Supp. 890 (N.D.Ill.1971) where defendant had also moved to dismiss on the grounds that the negligence counts failed to allege freedom from contributory negligence as required by Illinois pleading rules. Noting that Rule 8(a) of the Federal Rules simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief," the court refused to rule the complaint defective.

Under the above authorities this court is satisfied that Count II is not defective for failure to allege freedom from contributory negligence.

Defendant has moved to strike a number of plaintiff's allegations in the event the complaint is not dismissed. Several

of the statements are sought to be stricken on the basis that maritime law does not encompass suits for wrongful death and that Illinois pleading requirements must therefore be satisfied. However, in light of *Moragne v. State Marine Lines, Inc., supra*, this contention is clearly without merit, for admiralty now recognizes such suits.

Defendant has also moved to strike several other allegations. Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Upon review of these statements this Court believes they are outside the scope of Rule 12(f). Accordingly, defendant's motion to strike various portions of the complaint is DENIED.

 Finally, defendant has requested a jury trial as a matter of right. Again it must be noted that this request is based on the erroneous assumption that Illinois law, which allows trial by jury, governs both counts of the complaint. Paragraph one of the complaint states as follows:

> This is a case of admiralty in maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h), F.R.C.P.

This reference to Rule 9(h) is sufficient to invoke the exclusive jurisdiction of this court notwithstanding the second count based on diversity of citizenship. It is an established principle that where a plaintiff in a maritime tort case bases jurisdiction both on admiralty and on diversity grounds but identifies the claim as one in admiralty, in accordance with Rule 9(h), a demand for a jury trial will be stricken. *Romero v. Bethlehem Steel Corporation*, 515 F.2d 1249 (5th Cir. 1975); *Williams v. Shipping Corporation of India, Ltd.*, 354 F.Supp. 626 (S.D.Ga. 1973). See also *Americana of Puerto Rico, Inc. v. Transocean Tankers Corporation*, 317 F.Supp. 798 (D.Puerto Rico 1959). Under this doctrine it is clear that defendant's request for a jury trial

cannot be granted if this case proceeds as a claim within the exclusive admiralty jurisdiction of this court. If such exclusive admiralty jurisdiction is ultimately defeated by a failure to sufficiently demonstrate the requirement of navigability, defendant's prayer for a jury trial will be reconsidered.

For the reasons stated herein, defendant's Motion to Dismiss is DENIED except with regard to the issue of navigability which will be reserved for decision at a later time. Defendant's Motion to Strike as well as his request for a jury trial are also DENIED.