LEVONDA DAVIDSON, Plaintiff-Appellant, *v.* BRUCE L. MEIER, Defendant-Appellee.

Third District   No. 77-453

Opinion filed May 31, 1978.

Bradley W. Swearingen, of Moehle, Reardon, Smith & Day, Ltd., of Washington, for appellant.

Albert V. Ancelet, of Capps, Cosgrove & Ancelet, of Carthage, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal results from an action brought by the plaintiff Levonda Davidson to recover damages occasioned by the alleged negligence of defendant Bruce L. Meier. After trial by jury in the circuit court of Hancock County the jury returned a verdict for the defendant and against the plaintiff upon which the trial court entered judgment.

On July 13, 1975, at about 1:30 p.m. the plaintiff was driving her automobile in an easterly direction on Village Street in the city of Elvaston. The evidence is conflicting as to the speed of the plaintiff's automobile in that she could have been traveling at less than 20 miles per hour up to a speed of 30 miles per hour. The evidence is also conflicting whether she first saw the defendant's vehicle, which approached the intersection from her right, after she was in the intersection or when she was still some 45 to 50 feet away from it. We also have a conflict as to the speed of the defendant's vehicle; from the testimony he could have been going at a speed of 15 miles per hour or as high as 40 miles per hour. In any event the defendant did apply his brakes and his automobile skidded into the intersection and struck the right rear end of the plaintiff's vehicle. Riding as passengers in the defendant's car were his brother and a friend, who both testified as occurrence witnesses. We have set forth but a brief narrative of the facts concerning the accident but those which we have set forth are ample for the purpose of determining the issues raised in this appeal.

The plaintiff was hospitalized for approximately 10 days as the result of injuries received from the accident. On the day that plaintiff returned home from the hospital an insurance adjuster for the insurance carrier of the defendant, Glenn Johnson, met with her, asked her a number of questions and then wrote out in narrative form the conversation which was had concerning the accident. The plaintiff signed this statement prepared by the adjuster and among other things the statement allegedly contained an admission that the plaintiff speeded up in an effort to get through the intersection.

During the course of the trial counsel for defendant attempted to impeach the plaintiff's credibility with the statement she signed; however, when defendant's counsel attempted to get the statement into the record by reading it an objection by the plaintiff was sustained. Later in the trial counsel for the defendant read excerpts from a pretrial discovery deposition in order to authenticate the statement that she speeded up to get through the intersection which was contained in the narrative prepared by the adjuster. When the plaintiff persisted in denying that she ever made a statement to the insurance adjuster and further denied that she had read the document before affixing her signature to it, said statements being contrary to statements contained in her pretrial deposition, counsel for the defendant then asked her: "Now were you lying then Mrs. Grindstaff or are you lying now?"[1] Counsel for the plaintiff objected to this question and the trial court admonished the jury to disregard any statement or reference to lying and informed them that the credibility of a witness was a matter for jury determination.

During the defendant's case in chief the adjuster Johnson was interrogated about the statement that the plaintiff had made and signed. After cross-examination of this witness the plaintiff objected to the introduction of the statement and the trial court reserved its ruling on this motion. After final argument by counsel an in-chambers conference was had during which the trial judge stated that if the statement given by the plaintiff was admitted into evidence it would be admitted in its entirety and not just a portion of it. Counsel for defendant then did not offer the introduction of the statement since it reflected that after the accident the defendant had been issued a traffic violation ticket. The trial judge, however, was aware of and took judicial notice of the fact that on motion of the state's attorney and on request of the complaining witness the ticket had been dismissed.

Included with the instructions given to the jury was a special interrogatory which asked "whether immediately prior to and at the time of the occurrence resulting in injury, plaintiff was guilty of negligence which proximately caused or contributed to cause her injuries." The jury answered this interrogatory in the affirmative and returned a verdict for the defendant.

The plaintiff raises two issues in this appeal to the effect that the jury's answer to the defendant's special interrogatory was against the manifest weight of the evidence and the result of unsupported allegations and accusations which prejudiced the jury or in the alternative the plaintiff was denied a fair trial as a result of unsupported allegations and accusations and is therefore entitled to a new trial.

---

[1] At the time of the accident the plaintiff's surname was Davidson, at time of trial it was Grindstaff.

■■ We first address ourselves to the question as to whether the special interrogatory which found the plaintiff guilty of contributory negligence was against the manifest weight of the evidence. Without making an unnecessary recital of the evidence, we note from the record that there is ample evidence that the plaintiff was not sure just how fast she was driving, that she was not positive that she had looked to the right and left as she approached the intersection, that she didn't see the defendant's vehicle until, in her words, "he was just right up on me." The plaintiff first testified that she was not sure how fast the defendant was driving, then stated that he was going 40 miles per hour but could not provide any basis for this estimate of the defendant's speed. The defendant as well as two occurrence witnesses provided testimony that would be a basis for finding the plaintiff to be contributorily negligent. With all this testimony, coupled with an instruction to the jury concerning our State's motor vehicle regulation governing the operation of motor vehicles approaching an intersection, we cannot conclude that the jury's answer to the defendant's special interrogatory concerning contributory negligence was against the manifest weight of the evidence.

■■ The plaintiff contends that the jury's finding that the plaintiff was contributorily negligent resulted from the prejudicial effect of unsupported allegations and accusations made by counsel for the defendant. The plaintiff refers to the question propounded to her on cross-examination when counsel for defendant asked: "Were you lying then Mrs. Grindstaff, or are you lying now?" While the cross-examination of the plaintiff was in this instance harsh, we must nevertheless be mindful that the purpose of such examination is to obtain the truth. In the instant case it is obvious that the plaintiff prior to trial had executed a written statement and made statements during the taking of a discovery deposition which were contrary to her testimony at the trial. In such a situation we do not deem the questions of counsel for the defendant concerning the veracity of the plaintiff to be reversible error. Great latitude must be allowed in the cross-examination of a witness for the purpose of testing his accuracy, recollection and sincerity. (*People v. Klotz* (1929), 333 Ill. 583, 165 N.E. 155.) In *Klotz* on cross-examination a witness was asked, "What are you hiding?" "Why didn't you tell the truth at the police station?" Our supreme court held that the contention that such questions were erroneous and prejudicial was without merit. In the instant case the trial court admonished the jury to disregard the complained of questions. We cannot agree with the plaintiff that the jury was unduly prejudiced by the questions concerning her veracity since she was unable or refused to explain inconsistent statements and counsel for defendant as an advocate was fulfilling his duty to seek the truth.

The plaintiff claims that she is entitled to judgment notwithstanding the

verdict or in the alternative she should be granted a new trial. The basis for these contentions of the plaintiff is that the jury was prejudiced and that she was denied a fair trial because of unsupported allegations and accusations of the defendant.

The plaintiff asserts that it is reversible error to fail to follow through with proof after asking a witness about prior inconsistent statements. In support of this assertion the plaintiff cites the case of *Blake v. Delhotel* (1976), 39 Ill. App. 3d 726, 727, 350 N.E.2d 880. In *Blake* this court stated:

> "If counsel has laid a foundation for impeachment by prior inconsistent statement, he has the duty to offer proof of the alleged impeaching statement."

We adhere to the law as set forth in the case of *Blake*, however, in that case, unlike the instant case, the attorney attempted to impeach the witness by prior inconsistent statements but then made no attempt whatsoever to offer proof of the statements. The same situation prevailed in *Gordon v. Checker Taxi Co.* (1948), 334 Ill. App. 313, 79 N.E.2d 632. The case of *Owen v. Willett Truck Leasing Corp.* (1965), 61 Ill. App. 395, 209 N.E.2d 868, cited by the plaintiff, is inapplicable in that it pertains to comments to a jury in a closing argument which were clearly hearsay and which had been previously ruled inadmissible.

■■ The plaintiff would characterize the remarks concerning her inconsistent statements as being unsupported innuendos. We do not so classify the defendant's questions. After it was obvious that the plaintiff had made inconsistent statements concerning the accident the defendant attempted to impeach her credibility by cross-examining her about statements made in a discovery deposition and further called as a witness the insurance adjuster who had taken a statement from the plaintiff. The defendant did not ask a damaging, prejudicial question, then abandon such inquiry. On the contrary the defendant persisted in his efforts to impeach the plaintiff. During a conference in the chambers of the trial judge the defendant indicated a desire to offer into evidence the statement given by the plaintiff to the insurance adjuster. The trial court first questioned whether or not the statement was admissible, then ultimately indicated that if admitted it would be in its entirety, not just a portion of it. This reasoning of the trial judge placed the defendant in an untenable position since the statement contained reference to a traffic ticket that had been issued to the defendant but later dismissed. We are not called upon to determine the correctness or incorrectness of the trial court's position concerning the admissibility of the statement and we make no determination. The information that defendant had been issued a traffic ticket which was later dismissed was clearly inadmissible. (*Miyatovich v. Chicago Transit Authority* (1969), 112 Ill. App. 2d 437, 251 N.E.2d 345.) What we do determine is that the defendant made persistent

good faith attempts to establish the prior inconsistent statements of the plaintiff by extrinsic evidence.

Having determined that the trial court was not in error in denying plaintiff's motion for judgment notwithstanding the verdict we do not deem it necessary to consider the plaintiff's assertion that a new trial should be granted, since the same arguments which we have already determined are submitted as the basis for this prayer of relief.

For the reasons set forth the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.