FERRIN SMITH, Plaintiff-Appellant, v. TODD DONNA, Defendant and Third-Party Plaintiff-Appellee (Pattin-Marion, Third-Party Defendant).

Fifth District   No. 5—91—0730

Opinion filed May 5, 1993.

Paul Thomas Austin, of Marion, for appellant.

Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff filed a personal injury lawsuit against Todd Donna based on negligence. The claim arose out of an accident which occurred while Smith was working for Pattin-Marion, a steel-fabricating plant. Plaintiff appeals from a jury verdict for the defendant and raises the sole issue of whether the trial court erred in giving defendant's jury instruction No. 12, the long version of Illinois Pattern Jury Instructions, Civil, No. 12.04 (3d ed. 1992) (hereinafter IPI Civil 3d No. 12.04). We affirm.

The evidence revealed that Pattin-Marion operated a heavy-machine steel-fabricating shop which manufactured steel bolts for use in the mining industry. The conditions in the plant were extremely oily due to the nature of the operation and the condition of the equipment. Oil was used to lubricate the cutting equipment, and during the normal manufacturing process it would splash out onto the plant floor. In addition, the machines constantly leaked oil. Everyone who worked at Pattin-Marion was aware of the oily conditions inside the plant.

Pattin-Marion contracted with Donna's Janitorial, a cleaning service owned and operated by Todd Donna, to clean its facility. Under

the terms of this agreement, Todd Donna was to provide someone to clean the plant Monday through Friday. The janitorial workers were to be furnished for two eight-hour shifts: one during the day while the plant was in operation and the other in the evening while the plant was idle. Pattin-Marion mandated that the day shift begin no earlier than 9 a.m, even though the plant began operations at 7 a.m. The person assigned to the day shift was to work under the direction of Pattin-Marion personnel, who would provide instructions regarding how and where to clean the plant.

Donna's Janitorial employed John Gabbard and assigned him to the day shift; Todd Donna worked the evening shift from 11 p.m. until 6 or 7 a.m. Unless otherwise directed by Pattin-Marion personnel, Gabbard's chief duty was to clean the oil from the plant floor. Pattin-Marion controlled both when and how many hours the cleaning crews worked at its facility. Todd Donna testified that he used to have two persons working the day shift, but early in 1987 Pattin-Marion felt that the plant could be adequately cleaned with just one person working the day shift, so John Gabbard was the sole employee cleaning the plant at the time of plaintiff's injury. Donna testified that Pattin-Marion really could have used more persons to clean the plant because the oil leaked constantly. Donna believed the company wanted to save money by keeping the janitorial personnel to a minimum.

The cleaning process was a never-ending cycle of sweeping, mopping, and then remopping the large puddles of oil. It would take about 1 to 1½ hours to complete this routine over the entire plant. By the time the cycle started over, the machines would have leaked so much oil that the area would be as it had been prior to being cleaned. Pattin-Marion management never complained to either Donna or Gabbard about the manner in which the plant was cleaned or about its condition after it had been cleaned. While Todd Donna normally worked from 11 p.m. until 6 or 7 a.m., on the night preceding plaintiff's injury he worked from noon until 6 p.m. One of plaintiff's contentions was that by working the earlier hours Todd Donna allowed additional oil to accumulate than if he had cleaned it during his normal shift.

In 1981, Ferrin Smith began working for Pattin-Marion as a janitor. His duties included mopping oil that had accumulated on the plant floor from the machinery. By 1987, Smith was employed as a general laborer, and his duties included operating the overhead cranes and other plant machinery. He worked the day shift, which began at 7 a.m.

On the morning of Monday, May 10, 1987, Smith reported to work at his customary time. His first job that day was to unload bundles of

steel from trucks and move them through the process, from the cutting machines to the forming machines, using the overhead cranes. As he was guiding a load of steel bars from the swedger to the threader, he stepped in an oil puddle which had formed in the aisle between machines, fell, and injured his shoulder. The oil, which had seeped out of a crack in a nearby swedger machine, was about three to four feet in diameter and about one-quarter of an inch deep. Smith had noticed the pool of oil when he first started work at seven that morning.

Smith filed suit against Todd Donna alleging that Donna Janitorial had been negligent in cleaning the plant. While denying any liability for the plaintiff's injury, Todd Donna filed a third-party complaint against Pattin-Marion, alleging that Pattin-Marion was negligent in one or more of the following respects:

(a) failing to provide a safe place for the plaintiff to work;

(b) permitting the plant floor to remain in a hazardous and dangerous condition as a result of an oil spill; and

(c) allowing the equipment to become in a state of disrepair so that said equipment would leak oil on the floor.

Todd Donna voluntarily dismissed his third-party complaint the day before trial.

At trial, conflicting evidence was presented regarding the time of the accident. According to plaintiff's witnesses, the accident happened around 9:30 or 10 a.m. Defendant's witnesses put the accident before 9 a.m., which was prior to the beginning of the first cleaning shift.

On the first day of the instruction conference, defendant tendered its instruction No. 4, based on IPI Civil 3d No. 12.04, in its entirety. Plaintiff tendered instruction No. 13, based on the first paragraph only of IPI Civil 3d No. 12.04. Reasoning that the defendant's instruction, in combination with any agency instruction given, might confuse the jury, the court denied defendant's instruction and indicated that it would give plaintiff's instruction No. 13. Following the noon recess, the defendant tendered instruction No. 12, again based on IPI Civil 3d No. 12.04 but modified to reflect the court's concerns regarding agency. The court then refused plaintiff's instruction No. 13 and gave the revision tendered by the defendant. The first paragraph of plaintiff's instruction No. 13 and defendant's revised instruction are substantially the same; however, the defendant's instruction includes an additional paragraph. The instruction given to the jury was as follows:

"More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff,

it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of the injury to the plaintiff was the conduct of some person other than the defendant and/or his agent, then your verdict should be for the defendant."

This instruction was given over plaintiff's objection. The instruction is verbatim IPI Civil 3d No. 12.04, except for the phrase, "and/or his agent," which was added to address the trial court's concerns for possible jury confusion since there was an agency relationship involved.

In addition to the foregoing instruction, the court cautioned the jurors not to consider the instructions in isolation but rather to view the controlling law as a synthesis of the instructions as a whole. The court also instructed the jury as to the definition of "proximate cause" as follows:

"When I use the expression 'proximate cause,' I mean that cause which, in natural or probable sequence, produced the injury complained of."

A special interrogatory submitted by the defendant was also given to the jury:

"Was the defendant, Todd Donna, at the time of the occurrence in question, guilty of negligence which proximately caused plaintiff's accident, injuries and damages?"

After deliberations, the jury returned a general verdict for the defendant and answered the special interrogatory in the negative, finding that the defendant was free from any negligent conduct proximately contributing to the plaintiff's injuries. Plaintiff appeals from the verdict.

Ferrin Smith argues that the trial court erred in giving the long version of IPI Civil 3d No. 12.04 instead of the short version because Todd Donna contractually undertook to clean the floors at Pattin-Marion. Plaintiff contends that by contracting with Pattin-Marion for cleaning services, Pattin-Marion as a matter of law relied upon Todd Donna to clean the floors and provide a safe place for Pattin-Marion employees to work. Plaintiff further argues that IPI Civil 3d No. 12.04 was erroneously given because the notes on the use of the second paragraph of that instruction state that it is to be given only where there is evidence tending to show the sole proximate cause of the occurrence was the conduct of a third person. Plaintiff contends that there was no evidence that the sole proximate cause of the occurrence was the conduct of Pattin-Marion. Smith argues that the proximate cause of his fall was the accumulation of a puddle of oil which

Todd Donna had a duty to abate. Plaintiff concludes that by instructing the jury with the long version of IPI Civil 3d No. 12.04, the court in effect directed a verdict.

IPI Civil 3d No. 12.04 was drafted for the purpose of creating a more accurate instruction regarding concurrent negligence.

> "[T]he language in the first paragraph of the instruction was corrected to make clear to the jury that only when the jury finds that the defendant's negligence was a *proximate* cause of the plaintiff's injury may it disregard the defense that some third person, who is not a party to the action, may have also been to blame. Without the benefit of accurate wording to this effect, the jury might cease its inquiry after finding a defendant's negligence to have been simply a cause of the injury, without considering whether it was a proximate cause thereof. [Citation.]
>
> Secondly, in order to correct any negative implications arising from the first paragraph of the instruction and to insure that the jury is properly instructed in cases where the negligence of some third person *** is presented as a defense, the second paragraph was added to emphasize that the jury must find for the defendant where they find that the conduct of that third person was the sole proximate cause of the injury." (Emphasis in original.) (*Miyatovich v. Chicago Transit Authority* (1969), 112 Ill. App. 2d 437, 443-44, 251 N.E.2d 345, 348.)

The notes on the use of this instruction state: "The second paragraph should be used only where there is evidence tending to show that the sole proximate cause of the occurrence was the conduct of a third person." (IPI Civil 3d No. 12.04, Notes on Use, at 12—9.) In the case at bar, the record demonstrates that there was evidence to support Todd Donna's theory that Pattin-Marion was the sole proximate cause of plaintiff's injury.

Ferrin Smith testified that the machines in the plant constantly leaked oil, and that there was oil throughout the plant the day of the accident. The jury heard evidence that Todd Donna cleaned the plant the afternoon prior to the date of the accident. There was also testimony that the plant was idle from the time he left until 7 a.m. the next morning, at which time operations began and ran for two hours before Pattin-Marion permitted either Todd Donna or his employee to resume their cleaning duties. The general foreman of Pattin-Marion testified that the employees of the plant began the work shift at 7 a.m., and that Pattin-Marion, which arranged the work schedule of Donna Janitorial, restricted the presence of Donna Janitorial employ-

ees until 9 a.m. The jury also heard testimony that Pattin-Marion declined to authorize additional janitorial staff or cleaning hours even though the plant floor required continual maintenance.

The jury heard conflicting testimony concerning the time of the plaintiff's accident and whether defendant's employee, Gabbard, was present at the time of the accident. The plaintiff's co-worker and witness testified that he did not know if John Gabbard was present at the time of the fall; the defendant's employee and witness testified that the plaintiff fell prior to 9 a.m. Whichever version of the testimony the jury believed, the evidence established that from the time Todd Donna left the plant the previous day until the time Gabbard began his shift, a significant period of time passed during which the machines would leak oil and puddles of oil would form on the plant floor. In addition, given the fact that it took between 1 and 1½ hours to complete a cleaning cycle, Smith may have fallen before Gabbard had a chance to complete the cleaning cycle for that day.

■ Based on the evidence in this case, the jury could have reasonably concluded that Todd Donna was not negligent. Because Pattin-Marion could have been the sole proximate cause of plaintiff's injury under the evidence in this case, the court did not err in instructing the jury using the long form of IPI Civil 3d No. 12.04. See *McCall v. Chicago Board of Education* (1992), 228 Ill. App. 3d 803, 593 N.E.2d 621; *Miyatovich v. Chicago Transit Authority* (1969), 112 Ill. App. 2d 437, 251 N.E.2d 345; *Ellig v. Delnor Community Hospital* (1992), 237 Ill. App. 3d 396, 603 N.E.2d 1203; *cf. Grimming v. Alton & Southern Ry. Co.* (1990), 204 Ill. App. 3d 961, 562 N.E.2d 1086; *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373.

■ Plaintiff further argues that the defendant, Todd Donna, was required to plead as an affirmative defense that Pattin-Marion's conduct was the sole proximate cause of the occurrence. Plaintiff contends that because defendant did not raise such a defense, giving IPI Civil 3d No. 12.04 completely surprised and prejudiced the plaintiff. Contrary to plaintiff's assertion of surprise, Todd Donna had initially filed a third-party action against Pattin-Marion alleging that Pattin-Marion was negligent and a proximate cause of the plaintiff's injury. At trial Todd Donna continued to elicit testimony as to Pattin-Marion's alleged negligent conduct. Given the circumstances, we do not agree that, because Todd Donna did not plead as an affirmative defense the sole-proximate-cause theory, plaintiff was unduly surprised or prejudiced.

In conclusion, the evidence at trial was sufficient for the jury to conclude that the sole proximate cause of the occurrence was Pattin-Marion's conduct, and therefore, the proffered instruction containing the second paragraph of IPI Civil 3d No. 12.04 was proper, and the trial court did not err in giving it. For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

RARICK and WELCH, JJ., concur.