JOHN V. SCATTONE, Plaintiff and Counterdefendant-Appellee, *v.* ROY EUGENE CLARK, Defendant and Counterplaintiff-Appellant.

Fifth District   No. 83—108

Opinion filed December 23, 1983.

Paul D. Giamanco and Mike McHaney, both of Gaimanco & Wexstten, of Mt. Vernon, for appellant.

Robert H. Rath, of Harrisburg, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

John Scattone, plaintiff, brought suit against Roy Eugene Clark, defendant, in the circuit court of Franklin County. Plaintiff's complaint alleged that defendant wilfully and intentionally struck plaintiff in the face on June 29, 1980, thereby injuring plaintiff. Defendant filed a counterclaim, alleging that plaintiff intentionally struck and injured him on the date in question. Following a jury trial, the jury returned a verdict in favor of plaintiff on his complaint, and awarded plaintiff $16,149.10 in actual damages, plus $10,000 in punitive damages. The jury also found in favor of plaintiff on defendant's counterclaim. Following denial of his post-trial motion, defendant perfected this appeal. On appeal, defendant argues (1) that the court committed

reversible error in giving Illinois Pattern Jury Instruction (IPI), Civil, No. 5.01 (2d ed. 1971); (2) that the court erred in instructing the jury on the issue of punitive damages, where no evidence as to defendant's financial condition was presented; and (3) that the cumulative affect of numerous errors operated to deprive defendant of a fair trial. For the reasons which follow, we affirm the judgment of the circuit court.

The incidents giving rise to this lawsuit occurred at a cove on Rend Lake in Franklin County, Illinois, where both plaintiff and defendant were engaged in separate boating and recreational activities. Defendant was relaxing on a houseboat moored near the shoreline, in the vicinity of a large rope tied to a tree near the water's edge. Plaintiff and several of his companions were grasping the edge of this rope from the shoreline, swinging out over the water, and plunging into the water. Plaintiff and one of his companions decided that a small rope which had been tied to the large rope created a safety hazard. To eliminate this hazard, they obtained a pocketknife and cut the small rope. Subsequently, defendant dove into the water from the houseboat and swam or waded toward the plaintiff, who was standing in the water. What happened next is in dispute. Plaintiff's many witnesses testified that, after a discussion in which defendant claimed ownership of the rope and accused plaintiff of being a thief, defendant, without provocation, punched plaintiff in the face with great force. According to plaintiff's witnesses, plaintiff then took a dead, rotten stick from the water and struck defendant, breaking the stick in the process. It was undisputed that plaintiff's jaw was fractured on both sides, and that defendant was cut and bruised as a result of the altercation. Defendant's witnesses testified that plaintiff hit defendant with the stick before defendant retaliated, while defendant himself testified that he pushed and kicked at plaintiff to protect himself after being hit with the stick. In rebuttal for plaintiff, two park rangers testified that, when they spoke with defendant shortly after the altercation, defendant told them that three men had tried to drown him, had threatened him with a knife, and that he was afraid that these three men may have had a gun.

On appeal, defendant initially claims that the court erred in giving IPI Civil No. 5.01 (2d ed. 1971), which states:

> "If a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:
>
> 1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The witness was not equally available to an adverse party.

3. A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him.

4. No reasonable excuse for the failure has been shown."

In the instant case, defendant did not call as witnesses several of the people who were with him on the houseboat. Nothing appears of record, however, which would suggest that these potential witnesses were not equally available to plaintiff. Indeed, several of the potential witnesses had been deposed by both parties (see *Hicks v. Hendricks* (1975), 33 Ill. App. 3d 486, 493, 342 N.E.2d 144), and others were physically present at the trial. Thus, the giving of the instruction was erroneous. However, plaintiff's counsel in closing argument only briefly mentioned that "we didn't get to hear from" the people on defendant's boat not called as witnesses, and there was never any intimation that defendant's failure to call these witnesses represented an attempt to conceal the truth from the jury. Under these circumstances, we find the error harmless (see *Wood v. Mobil Chemical Co.* (1977), 50 Ill. App. 3d 465, 474, 365 N.E.2d 1094), particularly in view of the consistency of the testimony of plaintiff's many witnesses, and defendant's inconsistent statement to the park rangers very shortly after the incident.

Defendant next contends that the court erred in instructing the jury on punitive damages, where no evidence as to defendant's financial worth was presented to the jury. This court, however, has recently held that a plaintiff need not introduce evidence of a defendant's financial worth in order to obtain an award of punitive damages. (*Wilson v. Colston* (1983), 120 Ill. App. 3d 150, 153.) We adhere to our decision in *Wilson*, and find no error here.

Finally, defendant asserts that numerous errors, including those discussed above, cumulatively operated to deny him a fair trial. We find this assertion to be without merit. The court properly allowed plaintiff to delete that paragraph of his complaint pleading his own freedom from wilful and wanton misconduct. (*Walker v. Dominick's Finer Foods, Inc.* (1980), 92 Ill. App. 3d 645, 648, 415 N.E.2d 1213.) The jury's laughter upon defense counsel's production of a baseball bat as demonstrative evidence does not appear to have been prompted by plaintiff or his counsel, and, in any event, did not operate to deny defendant a fair and impartial trial. Defendant failed to object to those portions of plaintiff's closing argument of which he now complains, and has waived consideration of any issue relating to the propriety of those remarks. (*Mulvey v. Illinois Bell Telephone Co.* (1973),

53 Ill. 2d 591, 598, 294 N.E.2d 689.) We have examined the record carefully, and find the remaining allegations of defendant to be without merit.

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.