MARY HARGROVE, as Adm'r of the Estate of David Lee Hargrove, Deceased, *et al.*, Plaintiffs-Appellants, v. HARLAN D. NEUNER, Defendant-Appellee.

Fifth District   No. 5—84—0213

Opinion filed November 25, 1985.

Tom D. Adams & Associates, Ltd., of Columbia, for appellants.

Robert L. Gagen, of Gagen & Gagen, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On August 28, 1980, an automobile allegedly driven by David Hargrove and owned by plaintiff Tammy Bonn collided with an automobile driven by defendant, Harlan Neuner. Hargrove was killed; plaintiff Terry Bonn, alleged to be Hargrove's passenger, was seriously injured; and the car in which they were riding sustained extensive damage. Shortly thereafter, a three-count complaint arising from this collision was filed against defendant. The complaint sounded in negligence. Count I, for wrongful death, was brought by plaintiff Mary Hargrove, as administrator of David Hargrove's estate. Count II sought damages for personal injuries suffered by plaintiff Terry Bonn. Count III, brought on behalf of plaintiff Tammy Bonn, sought compensation for destruction of the automobile she professed to own.

Defendant denied liability for the collision and contested the extent of damages claimed by plaintiffs. He also contended that plain-

tiffs were contributorily negligent. Following a jury trial before the circuit court of St. Clair County, the court directed a verdict in favor of plaintiff Tammy Bonn on the issue of contributory negligence. Thereafter, the jury rendered its verdict against each plaintiff and in favor of defendant. The circuit court entered judgment for defendant on that verdict, and plaintiffs now appeal. We affirm.

■ The verdict for defendant presumes a finding by the jury that he was not negligent. Plaintiffs' first argument on appeal is that this verdict is against the manifest weight of the evidence. We do not agree. A verdict is against "the manifest weight of the evidence" only when an opposite conclusion is clearly apparent or when the finding of the jury appears arbitrary and unsubstantiated by the evidence. (*Holmes v. Sahara Coal Co.* (1985), 131 Ill. App. 3d 666, 674, 475 N.E.2d 1383, 1389.) Accordingly, a reviewing court will not disturb a jury's findings unless, considering all the evidence in the light most favorable to the party who prevailed at trial, the jury's conclusion is palpably erroneous and wholly unwarranted. (131 Ill. App. 3d 666, 674, 475 N.E.2d 1383, 1389.) Such is not the case here.

The evidence adduced at trial showed that at dusk on the evening of August 28, 1980, David Hargrove and plaintiff Terry Bonn were driving east on Highway 161 in the city of Belleville. Both were riding in the front seat of their vehicle, a 1968 four-door Dodge. Hargrove was apparently the driver and Bonn the passenger, although this point is disputed. East of an intersection with Carson Road, Highway 161 descends a hill and curves to the left toward an intersection with Dutch Hollow Road. Between these two intersections Highway 161 is a 22-foot wide, concrete paved road with one lane for eastbound traffic and one lane for westbound traffic. The lanes are undivided, but are delineated by interval white striping. The westbound lane, approaching the Carson Road intersection, also has a yellow line marking it as a no-passing zone. The eastbound lane is bordered by a gravel shoulder, beyond which are marker posts, an embankment and woods. The speed limit is 55 miles per hour.

As Hargrove and plaintiff Terry Bonn proceeded along Highway 161 down the hill and around the curve east of Carson Road, their car went off the pavement and onto the gravel shoulder. It then skidded north in a semicircular path back across the eastbound lane and into the opposite lane, where it collided with defendant's westbound automobile. Testimony showed that the right rear passenger side of plaintiff's car struck the left front corner of the vehicle driven by defendant, a 1976 Chrysler Cordoba. The point of impact was approximately the center of defendant's westbound lane. After the collision, plain-

tiffs' automobile continued through the westbound lane and came to rest on an embankment north of the highway roadbed. It left 45 to 50 feet of skid marks on the pavement. Defendant's vehicle made no skid marks.

Plaintiffs' theory of the case is that the collision was caused by defendant's negligence when he passed another westbound auto traveling ahead of him. That auto was driven by Janis Vahlkamp. Marjorie Strom was her passenger. For the purposes of the present discussion, this auto shall be referred to as the "Vahlkamp vehicle." Plaintiffs contended that as defendant passed the Vahlkamp vehicle, he entered the no-passing zone and was exceeding the posted speed limit. Although defendant had ample time to return to the westbound lane, he allegedly remained in the eastbound lane and did not return to his proper lane of traffic until a split second before the collision. Plaintiffs suggest that the reason the Hargrove and Bonn automobile left the road, then swerved across the highway, was that David Hargrove saw defendant's oncoming vehicle in his lane and was attempting what proved to be an unsuccessful evasive maneuver.

Plaintiffs called defendant as an adverse witness. Defendant suffered a concussion in the collision and was unconscious at the scene. His memory of the facts surrounding the accident was impaired, and he could not recall passing the Vahlkamp vehicle or driving in the eastbound lane. He testified, however, that he could remember seeing a slower moving vehicle ahead of him in the westbound lane as he started around the curve east of the Carson Road intersection. The vehicle was said to be either a small station wagon or a hatchback-type vehicle, with license plates that bore the letters BAR, and was a two-tone color, tan and brown or brown and tan. Defendant stated that this vehicle proceeded for a long period of time straddling the centerline and appeared to be headed toward a sign in the middle of the road marking a concrete median that divided the highway's approach to the Carson Road intersection. Defendant testified that the vehicle veered to miss the median, at which time he first saw plaintiffs' automobile. According to defendant, plaintiffs' auto was proceeding eastbound out of control and toward his lane. Finally, defendant stated that he was familiar with this stretch of highway; he was driving slowly, perhaps 30 miles per hour; and was entirely within his lane at the time of impact.

Simply put, defendant's argument is that if any car caused the collision with plaintiffs' vehicle, it was this small, two-tone car ahead of him and not his own. This argument was corroborated by a statement given by plaintiff Terry Bonn to a field claim representative for

defendant's insurer shortly after the accident. In that statement, Bonn indicated that plaintiffs' car dropped off the road and "slid out" when it moved to avoid an oncoming car in their lane, but that this car was not defendant's. At trial, plaintiff Terry Bonn admitted giving the statement and said that he had done so truthfully.

Plaintiffs produced only one eyewitness to the collision who was not involved in it, Janis Vahlkamp. Vahlkamp's testimony largely supported plaintiffs' theory of the case. She stated that she saw no westbound traffic, no small station wagon or hatchback, ahead of defendant. On cross-examination, Vahlkamp conceded that the curve in this stretch of Highway 161 would obstruct a westbound driver's view of traffic further ahead, but suggested that she was always close enough to defendant's automobile that she would have seen a third westbound vehicle in front of him if one had been present.

Plaintiffs also introduced deposition testimony by Marjorie Strom, Vahlkamp's passenger. Strom stated that defendant passed the car in which she was riding, but she did not know whether defendant returned to his lane of traffic. Like Vahlkamp, she saw no third westbound vehicle ahead of defendant. Strom testified, however, that she turned to talk to Vahlkamp as defendant's car was going around them. She did not see the collision.

Plaintiffs further adduced testimony from Sergeant Lewis Hurst of the Belleville police department. Sergeant Hurst was the officer in charge of the department's traffic unit and was in charge of and supervised the accident investigation in this case. His testimony was restricted by the court to such matters as on-scene measurements he took or observed, where the vehicles were located when he arrived, and the point of the impact.

■ In light of all the evidence, the question of whether the collision was caused by defendant's negligence is a matter upon which reasonable persons could disagree. Merely because the jury here apparently chose to believe defendant's theory that the collision was caused by someone else's automobile does not mean that the verdict is against the manifest weight of the evidence. It was the jury's function to evaluate the weight of the evidence and to assess the credibility of the witnesses. (*Gould v. Campbell's Ambulance Service, Inc.* (1984), 130 Ill. App. 3d 598, 603, 474 N.E.2d 740, 744.) The conflicting testimony here presented a clear jury question, and we cannot characterize the jury's finding in favor of defendant as arbitrary or palpably erroneous.

■ Plaintiffs' second argument on appeal is that the circuit court committed reversible error when it permitted defendant's attorney to

show through cross-examination that plaintiff Terry Bonn had operated plaintiffs' vehicle earlier on the day of the collision, although Bonn did not possess a driver's license. At trial, plaintiffs' counsel objected to this line of questioning and moved to strike the evidence on the sole ground that it was irrelevant. Defendant countered by arguing that this testimony, in connection with other evidence, tended to prove: (1) that Terry Bonn, not David Hargrove, was the driver of plaintiff's vehicle at the time of the collision, and (2) that Terry Bonn, not Tammy Bonn, was the vehicle's owner. Plaintiffs' objection and motion were overruled by the circuit court. On appeal, plaintiffs now contend for the first time that evidence regarding Terry Bonn's operation of the vehicle without a license should have been excluded for a different reason, namely, that the credibility of a party or witness in a civil case may not be attacked upon cross-examination by questioning on specific instances of prior misconduct not leading to a conviction.

We do not reach the merits of plaintiffs' contention, for we find that it has been waived. An objection to evidence must be timely made and must specify the reasons for the objection. (*Johnson v. Hoover Water Well Service, Inc.* (1982), 108 Ill. App. 3d 994, 1006, 439 N.E.2d 1284, 1293.) That some objection may be made at the time challenged testimony is offered does not satisfy the requirement of timeliness with respect to particular objections not asserted. This is because an objection to evidence based upon a specific ground constitutes a waiver of objection on all grounds not so specified. (108 Ill. App. 3d 994, 1007, 439 N.E.2d 1284, 1293.) The purpose of this rule, of course, is to inform the trial court of the particular problem and give the party offering the testimony an opportunity to confront the objection. (*Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 87, 392 N.E.2d 628, 637.) Because plaintiffs' objection at trial here was clearly based upon relevancy and not improper credibility impeachment, neither the trial court nor defendant was given such an opportunity with respect to the latter claim. Accordingly, we must conclude that plaintiffs here have not properly preserved that issue and are now precluded from raising it before this court.

■ Plaintiffs next argue that the jury's verdict should be reversed because two prejudicial references were made to defendant's wife. The first reference was made at the conclusion of defendant's testimony, when defendant was asked by his lawyer whether he was married and whether a woman seated in the courtroom was his wife. The second came during closing argument when defendant's lawyer stated: "*** I think you are going to have to look Mrs. Neuner in the eye and Mr. Bonn in the eye and tell them, 'We are sorry. But we

don't believe that we can award you any damages.' " Plaintiffs contend that through these references defendant's lawyer was improperly attempting to arouse the sympathy of the jury by contrasting defendant's status as a married man with the status of decedent Hargrove and plaintiff Terry Bonn as single men without dependants. This argument is untenable.

Generally, evidence of a party's domestic circumstances is irrelevant in personal injury actions seeking compensatory damages. Nevertheless, where a party's dependant family is not unduly emphasized, and the trial court promptly sustains objections, no reversible error occurs. (*McDonnell v. City of Chicago* (1981), 102 Ill. App. 3d 578, 586, 430 N.E.2d 169, 175.) Here, the trial court promptly sustained plaintiffs' objection to the first reference to defendant's wife; no objection was even made to the second. Both references were brief; neither unduly emphasized the wife. The second reference in fact appears to have been completely inadvert. In context, defendant's attorney evidently meant to refer to plaintiff Mrs. Hargrove, not defendant's wife. As defendant notes, his wife is not seeking damages, and the statement could not possibly apply to her. Under these circumstances, we hold that the prejudice to plaintiffs, if any, was minimal, and any error by the court was harmless.

■ Plaintiffs' fourth contention is that the circuit court erred in admitting into evidence a diagram depicting the location where the parties' vehicles came to rest after their collision. This diagram was taken from a police report prepared by Officer Frazier of the Belleville Police Department, a subordinate of Sergeant Hurst. Officer Frazier did not testify at trial. The diagram was admitted instead based on foundation laid through Sergeant Hurst. Plaintiffs' argument is that because the diagram was part of a police report prepared by an officer who was not called as a witness, it is mere hearsay and therefore inadmissible. We do not agree.

Merely because a diagram is part of a police report does not bar its admission when, as here, the diagram is separated from the report and the diagram alone is admitted. (*People v. Olbrot* (1982), 106 Ill. App. 3d 367, 375, 435 N.E.2d 1242, 1249.) Plats, photographs, drawings and diagrams which illustrate the subject matter of testimony are frequently received in evidence for the purpose of showing a particular situation, explaining testimony, or enabling the jury to apply the testimony more intelligently to the facts shown. (*Smith v. Sanitary District* (1913), 260 Ill. 453, 460, 103 N.E. 254, 257.) It is not essential that the person who made the diagram testify to its correctness; any person acquainted with the facts may do so. 32 C.J.S. *Evi-*

*dence* sec. 730(1), at 1050 (1964).

■ The admissibility of evidence, such as photographs and drawings, is within the discretion of the trial court. (*Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 704, 706, 450 N.E.2d 1199, 1203.) Here, Sergeant Hurst had personally viewed the scene depicted and testified that the diagram correctly portrayed the location of the parties' vehicles when he arrived. The diagram undoubtedly gave the jury a clearer picture of the events in question so that they could more intelligently consider the testimony of Hurst and the other witnesses. Accordingly, we cannot find that admitting the diagram into evidence constituted an abuse of discretion. See *Walls v. Jul* (1969), 118 Ill. App. 2d 242, 249, 254 N.E.2d 173, 178.

■ A fifth argument raised by plaintiffs pertains to the statement given by plaintiff Terry Bonn to the field claim representative for defendant's insurer in which Bonn indicated that the oncoming automobile plaintiffs' vehicle was allegedly attempting to avoid prior to the collision was not defendant's. Plaintiffs contend that it was improper and prejudicial for the circuit court to deny plaintiffs the opportunity to show the circumstances under which this statement was given or to establish that the field claim representative had an interest in the litigation by virtue of his employment.

We reject this argument for two reasons. First, plaintiffs did not attempt to impeach or rebut the statement when it was first brought to the attention of the jury. Rather, their attorney waited to raise the issue until the instructions conference, after all witnesses had completed their testimony. At that time, plaintiffs' attorney moved for leave to recall plaintiff Terry Bonn to give additional testimony regarding the statement. The motion was denied.

The matter of the order of proof and allowing a case to be reopened for taking further evidence rests in the sound discretion of the trial court and should not be interfered with except for clear abuse. (*Forest Preserve District v. Lehmann Estate, Inc.* (1944), 388 Ill. 416, 430, 58 N.E.2d 538.) We find nothing in the record to show that such discretion was abused here. Although the parties had not formally rested, the evidence portion of the trial was effectively at an end, and final preparations were being made to send the case to the jury. Moreover, as the trial court noted, plaintiffs previously had ample opportunity to challenge this statement, but advanced no justification for having failed to do so.

■ Second, even if timely, plaintiffs' argument would nonetheless fail on the merits. When a written statement or transcript has been utilized in the impeachment of a witness for plaintiff, the plaintiff's

attorney may show that the person taking the statement had an interest in the defense of the litigation in order to discredit the statement or rehabilitate the witness. (*Guardado v. Navarro* (1964), 47 Ill. App. 2d 92, 101, 197 N.E.2d 469.) Because evidence of insurance coverage may not as a general rule be admitted in a personal injury action, however, a plaintiff's right to show motive, bias, or prejudice poses a particularly difficult problem when the statement or transcript at issue has been prepared by an agent for defendant's insurer.

We believe that the correct resolution of this problem is stated in *Guardado v. Navarro* (1964), 47 Ill. App. 2d 92, 197 N.E.2d 469. There the court observed that it should ordinarily be possible to discredit the statement or rehabilitate plaintiff's witness without eliciting the fact that the person who took the statement was employed by an insurance company. Reference to insurance is permissible if proper redirect examination cannot be made without it. "But such an eventuality should be looked upon as the rare exception rather than considered as a regularly recognized departure from the general rule." 47 Ill. App. 2d 92, 102, 197 N.E.2d 469.

Here, plaintiffs' attorney made no offer or attempt to impugn the statement used against Terry Bonn through means short of disclosure of its connection to defendant's insurer. To the contrary, plaintiffs' motion was clearly directed not at merely establishing bias or prejudice, but at specifically showing that the statement was taken by an adjuster for an insurance company. The circuit court therefore acted properly in denying that motion. As was held in *Guardado v. Navarro* (1964), 47 Ill. 2d 92, 101, 197 N.E.2d 469, "The right to establish an adverse interest must not be used as a screen for the introduction of a prejudicial fact entirely outside the issues of the case."

■ Finally, plaintiffs complain that during closing argument defendant's attorney misstated the evidence and asked the jury to draw improper inferences from the facts on record. Defendant counters by arguing that the statements of his attorney were simply fair comment on the evidence. We need not reach this issue, however, because plaintiffs failed to object at trial to any of the statements now contested. This failure to object waives consideration of any issue relating to the propriety of those statements. (*Scattone v. Clark* (1983), 120 Ill. App. 3d 290, 293, 457 N.E.2d 2d 1077, 1079.) Moreover, the remarks of defendant's counsel "were not of such a character that we may say a fair trial was denied to plaintiffs so as to warrant their consideration on appeal despite the absence of objection at trial." *McElroy v. Force* (1967), 38 Ill. 2d 528, 535, 232 N.E.2d 708, 712.

For the reasons set forth above, the judgment of the circuit court for St. Clair County is affirmed.

Affirmed.

JONES, P.J., and WELCH, J., concur.