UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Plaintiff-Appellee, v. ISIAH ANDERSON *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 87—1897

Opinion filed December 21, 1988.—Rehearing denied February 1, 1989.

Emory Andrew Tate, of Chicago, for appellants.

Barry E. Morgen, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendants, Isiah Anderson, Wilhelmina Anderson, Timothy Anderson and Belinda Anderson (Anderson), appeal from a judgment of the circuit court of Cook County granting plaintiff, United States Department of Housing and Urban Development (HUD), possession of its real estate. On appeal, Anderson argues that (1) the jury's verdict was against the weight of the evidence; (2) the trial court abused its discretion when it permitted plaintiff to reopen its case to introduce evidence of the relationship between the company that managed the property, Permit Real Estate, Inc., and HUD; and (3) the trial court erred in allowing HUD to substitute itself as a party plaintiff in place of Permit Real Estate, Inc., after plaintiff had rested its case. We affirm.

HUD owns property in Chicago located at 20 North Waller Street (Waller). The Waller property was managed by Kienlan Real Estate from April 1984 to January 1987. On May 1, 1984, Anderson signed a lease for the Waller property. The lease provided for a rental of $600 per month and for a late charge of 4%. By oral agreement, this was a month-to-month lease.

On July 11, 1986, Wilhelmina Anderson signed a bid to purchase the Waller property for $25,333. According to Wilhelmina, when she

informed Henry Doolin of Kienlan Real Estate that it would be difficult to pay rent and manage the mortgage at the same time, Doolin informed her not to worry about the rent and to just concentrate on the amount necessary to close on the mortgage. Wilhelmina also stated that repairs were made in reliance upon Doolin's representation that she would have no problems securing the real estate. Doolin, however, testified that he never waived the payment of any rent and that he did not authorize the Andersons to make any repairs on the property.

Anderson did not pay rent for the months of July 1986 through May 11, 1987. By January 1, 1987, Anderson owed HUD $8,124 in back rent. On January 30, 1987, HUD awarded the management contract on the Waller property to Permit Real Estate, Inc. (Permit). HUD then directed Permit to serve Anderson with a five-day notice and to retain an attorney to commence eviction proceedings. On March 3, 1987, Anderson was served with a five-day notice demanding payment of $8,124 in rent. This notice was signed to Permit as agent for HUD. Following the close of evidence at trial, the jury found in favor of HUD and the court entered a judgment for possession of the premises to HUD. This appeal followed.

First, Anderson argues that the jury's verdict is against the weight of the evidence. Anderson asserts that Doolin, as agent for HUD, waived the payment of rent and thus the jury erred in returning a verdict to the contrary. We disagree.

■ A verdict is deemed to be against the manifest weight of the evidence when "an opposite conclusion is clearly apparent or when the finding of the jury appears arbitrary and unsubstantiated by the evidence." (*Hargrove v. Neuner* (1985), 138 Ill. App. 3d 811, 813, 485 N.E.2d 1355, 1357.) Thus, a court of review will not disturb a jury's finding unless, considering all of the evidence in the light most favorable to the party who prevailed at trial, the jury's conclusion is palpably erroneous and wholly unwarranted. 138 Ill. App. 3d at 813, 485 N.E.2d at 1357.

■ In the instant case, we do not believe that the jury's conclusion is palpably erroneous or wholly unwarranted. In short, the evidence adduced at trial indicates that a five-day notice demanding payment of past-due rent was served upon Anderson by Permit as agent for HUD. Anderson did not pay the money demanded in the notice. Anderson testified that HUD's agent, Doolin, waived payment of the rent when Anderson was attempting to purchase the property. However, Doolin testified that he did not waive any payment of the rent for Anderson. Although there is a conflict in the testimony, we will

not substitute our judgment for that of the jury in determining the credibility of the witnesses. Thus, we conclude that the jury's verdict was not against the manifest weight of the evidence.

■ Next, Anderson argues that the trial court erred in allowing plaintiff to reopen its case and introduce evidence of the relationship between Permit and HUD. We disagree. In general, the decision to reopen a case to allow the introduction of additional evidence rests within the sound discretion of the trial court. (*Bank of Illmo v. Simmons* (1986), 142 Ill. App. 3d 741, 746, 492 N.E.2d 207, 212.) Factors to be taken into consideration in allowing a party to reopen a case include whether (1) the failure to introduce the evidence occurred because of inadvertence or calculated risk; (2) the adverse party will be surprised or unfairly prejudiced by the new evidence; (3) the new evidence is of the utmost importance to the movant's case; and (4) any cogent reasons exist to justify denying the request. *Hollembaek v. Diminick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 778, 484 N.E.2d 1237, 1241.

■ Based upon our review of the record, we do not find that the trial court abused its discretion in allowing plaintiff to reopen its case for the limited purpose of introducing evidence of Permit's relationship with HUD. Both parties had already stipulated that Anderson had entered into a lease for the Waller property, that Anderson had not paid rent to HUD and that Anderson was served with a five-day notice demanding payment of rent signed by Permit. Moreover, Anderson has not alleged or given any basis for this court to conclude that any surprise or prejudice occurred by allowing the introduction of such evidence. Anderson was well aware of the fact that the property was owned by HUD and that Permit's only role was that of agent and management company. We believe that in allowing HUD to reopen its case, the court was merely clarifying the record regarding an evidentiary matter of utmost importance that was inadvertently excluded. Thus, we find no abuse of discretion.

Finally, Anderson argues that the trial court erred in permitting HUD to substitute itself as a party plaintiff in Permit's stead after plaintiff had rested its case. Anderson contends that the substitution of HUD as a party plaintiff placed the issues at trial in a different light, which prejudiced Anderson. We find this argument devoid of merit.

■ While an opposing party may require that a misnomer be corrected, that party cannot force a dismissal for the misnomer. (*Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 1043, 362 N.E.2d 744, 746.) Section 2—401(b) of the Code of Civil Procedure clearly provides:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." Ill. Rev. Stat. 1987, ch. 110, par. 2—401(b).

■ Here, Anderson was well aware of the identity of the actual litigants and the issues that were being litigated. Although the lawsuit was filed by Permit, it was filed by Permit as agent for HUD. As HUD correctly points out, regardless of the designation of plaintiff, the quantum of proof and substance thereof did not change to Anderson's prejudice. In order to recover possession of the property, Permit or HUD had to prove that (1) rent was due from Anderson; (2) a five-day notice demanding payment of the rent was served upon Anderson; and (3) Anderson failed to pay the rent within five days of the service of notice. Moreover, Anderson still had the burden of proving that HUD either directly or by an agent waived the payment of the rent. Thus, it is clear that the substitution of HUD for Permit did not cause any undue prejudice as Anderson argues. We therefore conclude that the trial court did not err in allowing HUD to be added as a party plaintiff.

Accordingly, the judgment from which the appeal is taken is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.