PATRICIA ANN McCALL, Plaintiff-Appellee, v. CHICAGO BOARD OF EDUCATION, Defendant-Appellant.

First District (2nd Division) No. 1—90—2985

Opinion filed April 14, 1992.—Rehearing denied May 13, 1992.

McCORMICK, J., concurring in part and dissenting in part.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, Stephen J. Smalling, and Philip W. Domagalski, of counsel), for appellant.

Lane & Munday, of Chicago (John J. Perconti, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Patricia Ann McCall, when a student enrolled in the fourth grade of a Chicago public school, was injured on September 9, 1977, as she was entering a mobile classroom through a doorway. The door closed on her leg, allegedly resulting in a serious injury consisting of a recurrent infection at the site of an abrasion caused by the door. A jury returned a verdict of $570,000 in plaintiff's favor and against defendant Chicago Board of Education, from which this appeal proceeds.

Defendant raises as issues on appeal whether (1) the verdict was against the manifest weight of the evidence; (2) the jury was properly instructed; and (3) the court abused its discretion by barring defense expert testimony.

In her amended complaint, plaintiff essentially alleged, as the proximate cause of her injury, that defendant failed to maintain entranceways and doors to classrooms in reasonably safe condition; al-

lowed a classroom door to remain in a dangerous condition with sharp metal edges exposed; maintained a classroom door without a "door check" or other device to prevent the door from slamming closed; failed to warn students of a dangerous doorway; failed to inspect the door and doorways to the classrooms; and failed to employ or provide adequate numbers of maintenance personnel at the school. Defendant's answer placed at issue the principal allegations of negligence.

Pretrial motions relating to expert testimony will be discussed in the body of the opinion.

Trial commenced on February 14, 1990, during which the following facts were adduced.

Plaintiff testified that she was nine years old and in fourth grade at the time of the accident. As she entered a classroom doorway, the door slammed on her thigh and knee. The door was rusty, closed quickly, and was heavy. No one held the door as she entered the room; specifically, a fellow student named Diamond Martin did not hold the door.

Diamond Martin (Diamond), a fellow student, testified that he held the classroom door open as all the children reentered the room from recess; plaintiff was last in line; and, in jest, he shut the door on her leg.

Robin Robinson (Robin), also a fellow student, testified that she did not see plaintiff sustain the injury, although plaintiff was directly behind her. Diamond held the door open after the teacher initially opened it and, after the accident, Diamond was outside the door. She did not know if he was holding the door at the time of the injury because she was already in the room. She did not look at plaintiff's leg for injuries. She saw that the spring at the top of the door was missing. Prior to the incident, the door tended to shut quickly and would not stay open unless someone held it.

Deborah Bakos, plaintiff's teacher at the time of the occurrence, testified as an adverse witness. She did not see the accident, but was told about it afterward. She was unaware of any protective covering on the edge of the schoolroom door. In defendant's case in chief, she testified that school custodian Andrew Lathan maintained the classroom on the date of the accident. The door had a hydraulic closure at the top.

Andrew Lathan, custodian in charge of the room on the date of the occurrence, testified on behalf of defendant. He examined the door on the day of the accident as it was his responsibility to make sure it worked properly; he would have repaired broken metal on

the door and would have fixed the door if it tended to slam shut. Les Fant, assistant principal at the time of the injury, testified that he prepared the school accident report regarding this incident.

Dr. Allen Wright, an orthopedic surgeon, treated plaintiff at St. Bernard Hospital on the day after the accident. Plaintiff complained of severe pain in her left knee. He found marked swelling and an abnormal build-up of fluid, with infusion into her knee joint. She sustained an abrasion on the patella-tendon area. Bacteria entered plaintiff's system due to trauma, diagnosed as "a septic arthritis [sic]," secondary to staphylococcous aureus invasion of the tissue. This condition could have been due to plaintiff's accident on September 9, 1977. A subsequent examination revealed muscular atrophy and a scar. Plaintiff may experience future repeated flare-ups permanently.

Dr. Sharukin Yelda, an orthopedic surgeon, testified through a video tape presentation. He diagnosed plaintiff's condition as chronic osteomyelitis of the femur, which is an infection of the bone. The disorder could have been caused by the school accident. Plaintiff was admitted to a hospital twice due to the infection. The infection may flare up in the future.

Dr. Howard Lee testified for the defense. He saw plaintiff on consultation from Dr. Wright in 1977. Plaintiff's left knee joint was swollen and she could not flex her knee without pain. His diagnosis was traumatic effusion in the left knee joint.

The jury returned a verdict for plaintiff in the amount of $570,000. Defendant's post-trial motion seeking judgment notwithstanding the verdict or, alternatively, for a new trial was denied. Defendant appeals.

I

Defendant asserts that plaintiff's injury was not causally related to the classroom door condition, but was sustained solely as a result of Diamond's actions; therefore, based upon the evidence, neither the alleged absence of a door check device nor the alleged sharp metal or rusty edges on the door were causes of her injury.

A jury's finding will not be disturbed unless, considering all the evidence in a light most favorable to the prevailing party, the jury's conclusion is palpably erroneous and wholly unwarranted. (Hargrove v. Neuner (1985), 138 Ill. App. 3d 811, 813, 485 N.E.2d 1355.) Defendant contends that the jury's verdict here must be reversed because the fact that Diamond intentionally forced the door onto plaintiff was uncontradicted, requiring the jury to conclude Dia-

mond was liable and not defendant; there was no evidence that a door check device was missing from the classroom door, or that such a device would have prevented said injury, precluding a finding against defendant; and there was no evidence to support a conclusion that any sharp metal edges on the door came into contact with plaintiff's leg at the site of the abrasion, which was identified as a possible entry point of the infection.

■■ Plaintiff testified that Diamond was not holding the door, however. This testimony was unimpeached, contrary to defendant's assertion. On cross-examination, plaintiff was asked whether Diamond was holding the door, to which she responded "no." Defense counsel then asked if she recalled stating under oath that Diamond held the door, to which she answered "don't remember." At this point, it was incumbent upon defense counsel to prove the impeachment. (*Bradford v. City of Chicago* (1985), 132 Ill. App. 3d 317, 323, 476 N.E.2d 1221; *Rigor v. Howard Liquors, Inc.* (1973), 10 Ill. App. 3d 1004, 1008-10, 295 N.E.2d 491.) This counsel failed to do and plaintiff's testimony remained unimpeached. Accordingly, defendant's reliance on *Aluminum Co. of America v. Home Can Manufacturing Corp.* (1985), 134 Ill. App. 3d 676, 480 N.E.2d 1243, is unfounded. The jury was free to disregard Diamond's testimony, which remained contradicted under these circumstances.

Further, the jury could have found Diamond's testimony and credibility wanting on this record. Diamond testified there was only one line of children entering the room from recess; plaintiff and Robin related that there were two lines. Diamond did not remember the weather, the day of the week, or the identity of the children directly in front of plaintiff. He also asserted that Ms. Bakos pulled the door open all the way, against the mobile wall. He was assigned to hold it open, which he did, his back against the door, hands behind him on the handlebar, watching the children as they entered. When he saw plaintiff, he asserted, he playfully pulled the door shut on her leg. To do so, he would have had to be inside the room at that time, yet Robin placed him outside, on the platform, directly after the accident. He also revealed that previously he was convicted of a felony and was incarcerated at the time of the trial for another felony. These were factors the jury would have been entitled to take into account in arriving at its decision as to who should be believed.

With respect to plaintiff's claims that a door check was missing from the door, or that such a device could have prevented the injury, defendant argues that all the evidence, even when viewed

most favorably toward plaintiff, so overwhelmingly favors defendant that the verdict for plaintiff cannot stand. There was sufficient evidence, however, to support the assertion that a door check was missing and that such a device could have prevented the injury. Robin testified that a spring was missing from the top of the door, the spring previously had been there, and the door closed fast if not held open. Plaintiff asserted that this door was heavy and was composed of steel. Bakos stated that at 9 a.m., prior to the occurrence, there was a hydraulic door closure at the top of the door. This evidence could have led the jury to conclude that a door check was missing from the door, and the lack thereof permitted or caused the door to be closed quickly.

Plaintiff also testified that on the day of the accident, the steel door edge was "raggedy," "jaggedy," and "rusty," and that the door was in the same condition ever since she attended that school. She never saw repairs being made to the door.

Juries may use their common experience when deliberating. (*Dollison v. Chicago, Rock Island & Pacific R.R. Co.* (1976), 42 Ill. App. 3d 267, 355 N.E.2d 588.) Based upon this evidence, the jury could have concluded a door check would have retarded, if not prevented, the door from slamming on plaintiff, even if Diamond pushed it. The jury also could have concluded from the evidence that the door was not maintained properly.

The jury was instructed that the owner of property owed a duty to keep it reasonably safe for use. Further, the jury was instructed it could find that defendant carelessly and negligently maintained the door by failing to provide a properly working door check to prevent it from slamming closed on children, by failing to warn of the dangerous door, or by failing to inspect and repair the dangerous condition. The jury additionally was instructed that more than one party could be at fault. Based upon the evidence presented and these instructions, the jury's finding was not palpably erroneous or wholly unwarranted.

Defendant asserts that the verdict was based upon surmise and conjecture. (*Broussard v. Houdaille Industries, Inc.* (1989), 183 Ill. App. 3d 739, 539 N.E.2d 360; *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201; *Gilbertson v. Rolscreen Co.* (1986), 150 Ill. App. 3d 192, 501 N.E.2d 954.) We disagree. The evidence revealed that the door could be and was closed quickly, the metal door edge could have been rusty, a closure spring could have been missing, and the door would not stay open on its own. From these facts, the jury properly could infer that defend-

ant's negligence proximately caused plaintiff's injury. *Dollison,* 42 Ill. App. 3d at 278.

Defendant next contends that the evidence does not support a finding that plaintiff's bacterial infection resulted from contact with the door.

Defendant claims that plaintiff indicated the door made contact on the inside of her leg above the knee. Although plaintiff did not verbalize this circumstance at trial, at closing argument, counsel stated that this is where plaintiff pointed. Dr. Wright testified that the abrasion he found the day after the accident was on the patella-tendon area, below the knee cap, which was the cause of plaintiff's bacterial infection. This apparent inconsistency is the basis for defendant's claim that the injury from the door did not cause the infection.

Plaintiff testified the edge of the door struck her thigh and knee. Dr. Wright stated the knee was swollen the day after the injury, and plaintiff was in the emergency room due to pain and swelling. Dr. Wright testified that to his knowledge plaintiff had no other injuries, and this injury was related to the bacterial infection. He further stated the infection was near the knee joint.

 A jury may consider circumstantial evidence when evaluating elements of a cause of action. (See *Johnson v. Burlington Northern, Inc.* (1982), 107 Ill. App. 3d 130, 437 N.E.2d 334.) A jury also may draw inferences of fact and use common experiences in its determinations. (*Dollison,* 42 Ill. App. 3d at 278.) There was sufficient evidence here for the jury to find that plaintiff's infection was caused by contact with the door. The jury saw the child and could have believed that the edge of the steel door contacted the area above and below the knee concurrently. The jury's conclusion that the injury and infection were caused by contact with the door was not palpably erroneous or wholly unwarranted.

## II

Defendant next contends that a new trial should have been granted because the jury was not instructed that it could find the intentional acts of Diamond were the sole proximate cause of plaintiff's injury.

Relying on *Miyatovich v. Chicago Transit Authority* (1969), 112 Ill. App. 2d 437, 442-44, 251 N.E.2d 345, defendant contends that the second paragraph of Illinois Pattern Jury Instructions, Civil, No. 12.04 (2d ed. 1971) (IPI Civil 2d No. 12.04) should have been given to the jury, which reads:

"However, if you decide the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant."

■ Plaintiff argues the evidence leads to no result other than a finding that defendant's negligence caused plaintiff's injury, precluding the need for giving the second paragraph. It is possible, however, the jury might have concluded from Lathan's testimony that there was no rust on the door and from his and Bakos' testimony that it was equipped with a door check near the time of the accident. Also, there was sufficient evidence for the jury to have determined that Diamond was the sole proximate cause of the injury. *Miyatovich* held that the second paragraph of IPI Civil 2d No. 12.04 must be given to the jury in a case such as this "in order to correct any negative implications arising from the first paragraph" which would permit the jury to "cease its inquiry after finding a defendant's negligence to have been simply a cause of the injury" although a third person was the sole proximate cause of the injury. (*Miyatovich*, 112 Ill. App. 2d at 443-44.) In consonance with *Miyatovich*, we must conclude that the jury was improperly instructed.

Such an error is reversible, however, only if it has misled the jury. (*Ruggiero v. Public Taxi Service, Inc.* (1973), 16 Ill. App. 3d 754, 306 N.E.2d 567.) The dissent's reliance upon *Ruggiero* as authority for the proposition that a deficiency in one instruction may be cured by other instructions overlooks that part of the opinion which acknowledges "that it was error to refuse to give this part [the second paragraph] of the instruction" (*Ruggiero*, 16 Ill. App. 3d at 762), but held the error not reversible for another reason, the jury finding on a special interrogatory, not present in the case *sub judice*, which the court held removed "any claimed harm produced by the omission of this second paragraph." *Ruggiero*, 16 Ill. App. 3d at 763.

Here, the first section of IPI Civil 2d No. 12.04 was read to the jury, which could have confused the issue of sole proximate cause. (*Miyatovich*, 112 Ill. App. 2d 437.) Because Diamond could have been the sole proximate cause of plaintiff's injury *under the evidence in this case*, it was *reversible* error not to give the second paragraph of IPI Civil 2d No. 12.04 to the jury.

Plaintiff maintains that defense counsel told the jury the defective condition of the door had nothing to do with the injury; therefore, no prejudice resulted from not including the second paragraph of IPI Civil 2d No. 12.04. The first paragraph of IPI Civil 2d No.

12.04, which created the confusion regarding proximate cause, was read after the closing argument, however. Accordingly, there is no reason to assume counsel's theory of proximate cause cured the confusion.

Plaintiff insists that the defense untimely tendered the second paragraph of IPI Civil 2d No. 12.04. Section 2—1107 of the Civil Practice Law allows a court to provide jury instructions after argument if, as the result of argument, it is desirable to do so. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1107.) Here, as plaintiff asserts, proximate cause was emphasized in closing. The additional provision of IPI Civil 2d No. 12.04 could have and should have been given.

Plaintiff urges that defendant was required to plead, as an affirmative defense, that Diamond's conduct was the sole proximate cause of the occurrence. The assertion that a third party is the sole proximate cause of plaintiff's injury need not be pled as an affirmative defense (*Grimming v. Alton & Southern Ry. Co.* (1990), 204 Ill. App. 3d 961, 984, 562 N.E.2d 1086; *Robertson v. General Tire & Rubber Co.* (1984), 123 Ill. App. 3d 11, 16-17, 462 N.E.2d 706) under section 2—613 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—613). The circuit court was not precluded from giving the omitted paragraph in its instruction to the jury.

■ Defendant next alleges that the circuit court committed reversible error by not instructing the jury as to the applicable provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—102) (Tort Immunity Act). Those provisions would require a jury to find that defendant's duty only applied to property used in a manner which was reasonably foreseeable and, further, that defendant would not be liable for injury unless it was proved that it had actual or constructive notice of a condition not reasonably safe. Nevertheless, defendant waived its right to claim error. The Tort Immunity Act must be raised as an affirmative defense. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—613(d); *First National Bank v. Village of Mundelein* (1988), 166 Ill. App. 3d 83, 519 N.E.2d 476; *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358.) Here, defendant failed to plead it; therefore, this defense cannot be considered even if the evidence reveals its appropriateness. (*Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 473 N.E.2d 988.) There was no error in refusing to instruct the jury as to the applicability of the Tort Immunity Act.

## III

Lastly, defendant contends that the circuit court abused its discretion in barring its medical expert, Dr. Richard Geline, from testifying, based upon Supreme Court Rule 220. 134 Ill. 2d R. 220 (Rule 220).

■ Although discovery was closed in December of 1984, on September 27, 1988, about 1½ years before trial, the defense sought to compel plaintiff to submit to a physical examination pursuant to Supreme Court Rule 215(a) (134 Ill. 2d R. 215(a)). Plaintiff was ordered to appear for the examination, which did not take place until January 13, 1989. Four days later, Dr. Geline was identified by the defense as an expert witness. Plaintiff moved to bar Dr. Geline from testifying. The circuit court, apprised of the facts, barred Dr. Geline from testifying because he could not be deposed in time to comply with Rule 220. Rule 220 provides that all discovery of expert witnesses must be complete no later than 60 days before the date on which the circuit court anticipates trial will commence. The circuit court here was not satisfied with defendant's excuses for the long delay. Such a finding will not be reversed absent a clear demonstration of discretionary abuse. (*Norman v. American National Fire Insurance Co.* (1990), 198 Ill. App. 3d 269, 555 N.E.2d 1087.) Nevertheless, in light of the fact that this cause must be retried, the circuit court is directed to reconsider its order barring Dr. Geline's testimony in order to determine whether any significant prejudice will result, other than the passage of time, should Dr. Geline be permitted to testify.

For the foregoing reasons, the judgment is reversed and the cause is remanded for a new trial, with directions.

Reversed and remanded with directions.

SCARIANO, J., concurs.

JUSTICE McCORMICK, concurring in part and dissenting in part:

I respectfully concur in part and dissent in part.

I dissent only from the majority's holding that the failure to include the second paragraph of IPI Civil 2d No. 12.04 could have confused the issue of sole proximate cause and that it was reversible error.

When a party seeks reversal of a trial court's judgment due to errors in jury instructions, this court must consider all of the instructions as a whole, mindful that "[a] deficiency in one instruction may be cured by another." (*Friedman v. Park District* (1986), 151 Ill. App. 3d 374, 389, 502 N.E.2d 826, 837.) We should not reverse the judgment unless the party challenging the instructions shows that the jury was misled to that party's prejudice. *Nowakowski v. Hoppe Tire Co.* (1976), 39 Ill. App. 3d 155, 162-63, 349 N.E.2d 578, 585; *Webb v. Angell* (1987), 155 Ill. App. 3d 848, 854, 508 N.E.2d 508, 514.

The trial court properly instructed the jury on the definition of proximate cause and gave IPI Civil 2d No. A21.02 (Supp. 1981) by which the court informed the jurors of plaintiff's burden of proving that the negligence of defendant was a proximate cause of the injury to the plaintiff. The jury was instructed that if you find that plaintiff fails to prove this proposition, your verdict is for defendant, and if plaintiff proves this proposition, your verdict is for plaintiff. It's elementary logic that if defendant's conduct was negligent and was the proximate cause (in whole or in part) of the injury, the conduct of Diamond could not be the sole proximate cause. The jury found by its verdict that the negligence of defendant was a proximate cause of the injury. The verdict for plaintiff could not have been rendered.

If a perfect trial was conducted, the second paragraph of IPI Civil 2d No. 12.05 would have been given. Assume that the jury during its deliberations found that defendant's negligence was a proximate cause of the injury. Would it be wrong, in view of this finding, if the jury concluded that it is unnecessary to address the issue of whether Diamond's conduct was the sole proximate cause of the injury? If Diamond's acts were the sole proximate cause of plaintiff's injuries, that fact would preempt and exclude the possibility of defendant's negligence being a proximate cause. A finding that one party's conduct is a proximate cause cannot coexist with a finding that another person's conduct is the sole proximate cause. The jury's verdict in favor of plaintiff dismisses the possibility of Diamond's conduct being the sole proximate cause of plaintiff's injuries.

This court in *Ruggiero v. Public Taxi Service, Inc.* (1973), 16 Ill. App. 3d 754, 306 N.E.2d 567, found that the trial court improperly refused to include the second paragraph of IPI Civil 2d No. 12.04 in its jury instructions, but this court affirmed the trial court's judg-

ment, finding that the defendant did not show that the error misled the jury. This court stated:

> "The jurors *** were properly instructed as to the definition of proximate cause. Defendants' instruction No. 11, which was given, informed the jurors that plaintiffs had the burden of proving, *inter alia*, '*** that the negligence of the defendants was a proximate cause of the injuries to the plaintiffs.' They were also instructed that, 'If, on the other hand, you find from your consideration of all the evidence, that any one of the propositions the plaintiff is required to prove has not been proved, *** then your verdict should be for the defendants.' Thus the jury was told that if they found [codefendant's] conduct was not a proximate cause of plaintiffs' injuries, they must rule for defendants. This, in essence, gives the jury the same information as the second paragraph would have given them." *Ruggiero*, 16 Ill. App. 3d at 762-63, 306 N.E.2d at 573.

The instructions given in this case were essentially identical to the instructions given in *Ruggiero* on the issue of proximate cause. The defendant in this case, like the defendant in *Ruggiero*, has not shown that the jury was misled to defendant's prejudice by the instructions considered as a whole, and therefore, the judgment of the trial court should be affirmed.